WILLIAM R. LINCH, APPELLANT, V. NEBRASKA BUICK AUTOMOBILE COMPANY, APPELLEE.

FILED MARCH 13, 1931. No. 27573.

*Burkett, Wilson, Brown, Wilson & Van Kirk,* for appellant.

*Max V. Beghtol* and *J. Lee Rankin, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

Linch brings this action to recover damages from the Nebraska Buick Automobile Company for breach of a written contract to deliver an automobile purchased for $1,530, upon which $530 was paid at the time of the making of the contract by the delivery of another automobile. The contract:

"Nebraska Buick Automobile Co.

Lincoln, Nebr., 4-15-29.
"Please deliver to me at 4828 Baldwin Ave., on ————— 192— or as soon as possible thereafter, one automobile as specified below:

1 Model 29-27 Fully Eqt.  Price $1,530
24-41                              530

—————————
                                     $1,000
"Cash deposit of $——— accompanies this order as part of the purchase price, the balance to be paid on delivery of car unless otherwise specified in this order.

"Sold by W. W. White.
"Approved by Fred Sidles.
                          "(Signed) W. R. Linch."

It is admitted that the plaintiff never paid the balance of $1,000 due on the contract and that the 29-27 Buick designated in the contract was never delivered. Each of the parties contends that the other breached the contract first. The verdict of the jury found for the defendant.

For the purpose of proving that the defendant had cars on hand of the kind specified in the contract and were able to make delivery, it offered the testimony of a witness who was permitted, over objection by the plaintiff, to testify as to the number of such cars on hand each month from April 30, 1929, to December 30, 1929, refreshing his memory by referring to memoranda which were later received in evidence. The plaintiff's examination of this

witness developed that he was cashier and had charge of the accounting department of the car division for the defendant; that he made a monthly report of the number of cars owned by the defendant and on hand to the executives of the defendant company; that he could not tell without using the memoranda the number of cars that the defendant owned at any time during the period; that the memoranda were prepared by a stenographer under his supervision and direction from the factory invoices, from the sales made by the company, and from other sources. This witness also testified that he checked these memoranda at the time they were made and that he knew they were correct. These memoranda did not constitute a book of original entry so that they come within the rule announced in *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151. But it is sufficient if the witness could refresh his memory by an examination of memoranda to recollect the circumstances at the time they are made. It should be remembered that it is not the memoranda that are the evidence but the recollection of the witness. When the witness made an examination after the memoranda were prepared and determined that it was correct, it becomes for him a correct record. 2 Wigmore, Evidence, (2d ed.) sec. 748. Where, as in this case, the witness is totally lacking in present recollection and cannot renew it by stimulation, but there was a time when he did have a knowledge of the facts and they were recorded, he can adopt this record, vouch for its accuracy, refresh his recollection and testify to the facts contained therein. The essential thing is that he should be able to guarantee that the record actually represented the truth at the time it was made and as now standing accepted, verified and adopted by the witness. Greenleaf, Evidence (16th ed.) sec. 439a. As herein outlined, the memoranda involved in this case were prepared by another under the supervision and direction of the witness and contained information which was secured from the invoices and other sources which were checked by the witness at the time they were prepared and the witness vouched for the correctness of

the facts stated therein. It was not error for the trial court to permit the witness to refresh his memory by reference to these memoranda.

Another assignment of error urged is predicated upon the giving of what is designated as an "additional instruction" by the court to the jury, as they had been deliberating for some time. It was occasioned by a communication to the court by the jury in the following terms: "The jury are disagreed by the fact that they believe plaintiff should get possession of his old car without cost, should a verdict in favor of defendant be reached." After consultation with the attorneys for both parties, the judge in reply to the above communication from the jury gave an "additional instruction" as follows:

"The jury are instructed that the defendant has tendered the old automobile to plaintiff in open court without restriction; that in case you find under the evidence and the law a verdict for the defendant the plaintiff would be entitled to possession of his old car, without cost in connection with its recovery."

The jury thereupon returned a verdict in favor of the defendant. We believe that the additional instruction was the inducement for the verdict.

The "additional instruction" was clearly erroneous for the reason that it assumes a fact not in evidence, no tender of the old automobile having been made in open court without restriction by the defendant to the plaintiff. The only reference to this matter was when at the close of the defendant's testimony its attorney stated: "The defendant now renews the tender it made to Mr. Linch of the automobile on December 21, 1929, and offers to deliver the car to him at the courthouse or wherever he wants it, at any reasonable place." The only other reference to this matter was in the testimony of the plaintiff concerning a conversation with Mr. Sidles of the defendant company, which is as follows: "I was to have this new style car about 60 days after the contract was made and I said, 'White said I was to take a 29-27,' and he said, 'Well, I will tell you what we will do, we will do one of three things: I will give you a 51;' that is a bigger car than the

one I was supposed to get and I pay the difference, I forget what it was, or he said, 'I will give you one of these new cars for,' I think about $175 or $180 difference, or, he says, 'I will give you your old car back.'" There is testimony that this offer required a payment of a repair bill. There was no valid tender of a return of the used automobile involved in this case either on December 1, 1929, or at the time of the trial. The general rule has been stated as follows: In order to make a valid tender of property, either the property or the evidence of its ownership must be actually produced and offered to the party entitled thereto, a mere offer to deliver being insufficient, and the tenderer must place the property in such a position that his control over it is relinquished for a sufficient time to enable the tenderee, if he so desires, to reduce it to possession by merely reaching out and laying hold of it. 38 Cyc. 143. However, it must be remembered that this was not a suit in rescission by which it was sought to recover the old car which the plaintiff had delivered to the defendant, but was rather a suit for damages. Both parties to the litigation were proceeding upon the theory that the contract had been breached. Upon such a theory of the case the tender of the car back by the defendant was not proper, but was highly prejudicial to the plaintiff. The right to the possession of the car was not within the issues in the case, and since both parties by their pleadings were treating the contract as breached, the question for the jury to determine was whether or not the plaintiff was entitled to damages for such breach. This instruction submitted to the jury a question which was not within the issues and not for their determination. It injected into the case a matter concerning which the court could not render judgment. It therefore follows that the giving of the "additional instruction" was prejudicially erroneous.

Since it will be necessary that this case be remanded for a new trial, other errors assigned, which may not occur at a future trial, are not discussed. For the reasons given, the judgment of the district court is reversed and the action is remanded for further proceedings.

REVERSED.