EDWARD F. ARON ET AL., APPELLEES, V. MID-CONTINENT
COMPANY, APPELLANT.

8 N. W. (2d) 682

FILED MARCH 26, 1943.   No. 31334.

*Littrell & Patz,* for appellant.

*Ira D. Beynon* and *J. R. Dudgeon, contra.*

*Frank D. Eager, amicus curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an action at law to recover the purchase price of certain corporate stock after a rescission of the contract of purchase because of fraud. The verdict was for the plaintiff in the amount of $3,728.50. Defendant appeals from the judgment entered.

The record shows that on or about May 11, 1937, plaintiff purchased 300 shares of the capital stock of the Mid-Continent Company for the amount of $3,000. Plaintiff urges that he was induced to purchase the stock because of the representations made to him, which proved to be false. Plaintiff claims that the Mid-Continent Company, through its agents, represented that the Mid-Continent Company was a good, sound, substantial company, that its stock had a par value of $10 a share and an actual value of $12.50 a share, that the stock of the company was earning in excess of 10 per cent. per annum, that the company maintained a reserve by means of which plaintiff's stock would be repurchased whenever he desired to sell, that all the expenses of the company did not exceed 5 per cent. of the company's income, that the expense of the company for each year was restricted to three-fourths of one per cent. of its total invested capital, and that the company was managed by substantial, financially responsible businessmen of long experience in the oil business. Plaintiff testified that he discovered the falsity of the foregoing representations on or after September 21, 1939, and on January 6, 1940, he made formal tender of the shares of stock purchased and one dividend check in the amount of $15.

The defendant Mid-Continent Company denied generally that plaintiff had been defrauded and that any fraud, if any, committed by its officers or salesmen, was chargeable to it. The evidence is sufficient to sustain the verdict of the jury. There is evidence that the repesentations were made, that they were relied upon, that they were false and that they resulted in damage to the plaintiff.

The case is very similar to *Vavricka v. Mid-Continent Co.*, p. 94, *post*, 8 N. W. (2d) 674. The stock involved in each of these cases was purchased at approximately the same time. The condition of the defendant company, as shown by the records in the two cases, was the same when the purchases were made by the plaintiffs in each case. Without reciting the evidence here we find that it was sufficient to sustain the finding of the jury that the stock, when purchased by plaintiff, was impaired to such an extent as to reduce its worth materially below its par value. The evidence also sustains the finding that the company was not earning 10 per cent. and that the dividends paid in that amount consisted partly of capital assets. It is further shown that no reserve for the repurchase of stock was ever set up. It is likewise shown that the expenses of the company were not in fact limited to 5 per cent. of the income from the royalties owned by the company, salaries and additional expenses having been shown to have been paid under the guise of profits to the Royalty Purchasing Company, or George C. Vance, when they purchased and resold oil royalties to the Mid-Continent Company at a marked up price. It was also established that the corporation was not managed by substantial, financially responsible businessmen of long experience in the oil business. The evidence from which the jury could properly find that the representations were false is set out in *Vavricka v. Mid-Continent Co., supra,* and will be incorporated here by reference only.

Defendant complains of the trial court's action in refusing to grant a continuance of the case because of the absence of J. F. Sanmann and Elva E. Erskine, codefendants with the Mid-Continent Company who were subsequently dismissed from the case. The record shows that defendant's counsel relied upon the fact that these two witnesses would be present because they were parties defendant. There is evidence, however, that defendant's attorney had been advised previously by counsel for the two absent witnesses that it was uncertain if they would be present. The

record shows that the diligence required by the law, under such circumstances, was not had by the defendant. We think the record is in such a condition that it was within the sound discretion of the trial court to decide this question. The rule is correctly stated in *Smith v. State,* 109 Neb. 579, 191 N. W. 687, wherein the court said: "Wide discretion is vested in the trial court on application for continuance filed on the eve of trial. No reversal should be had in this court for the refusal of a trial court to grant a continuance upon application of a defendant, unless there has been an abuse of sound legal discretion on its part." The evidence was such that no abuse of discretion on the part of the trial court is shown.

Defendant alleges that the tender made by plaintiff on January 6, 1940, was insufficient. The record shows that on that date plaintiff tendered back the 300 shares of stock and a $15 dividend check, while retaining $565 previously received as dividends on the stock. This identical question was decided in *Vavricka v. Mid-Continent Co., supra,* wherein we said:

"Consequently, even though the general rule is that a person rescinding a contract for fraud is required to restore whatever has been received under the contract in the way of money, property or other consideration as a condition precedent to an action at law for the recovery of the purchase price, yet, in order to effect justice between the parties, the following exception, among others, has become a part of the law of rescission in this state: Where the party rescinding would be entitled to retain the money or property received, either by virtue of an original liability if the contract be rescinded, or under the contract itself if rescission be refused, no tender or offer of restoration is required. If, then, the thing to be restored consists of money, the amount of which can be credited in partial cancelation of the injured party's claim, a failure to restore will not preclude a suit to recover the consideration paid."

We think the tender made on January 6, 1940, comes squarely within the foregoing rule and that the trial court

properly ruled that it constituted a sufficient offer of restoration upon the rescission of the contract to permit a suit at law for the recovery of the purchase price.

The defendant Mid-Continent Company urges that the trial court erred in not ruling as a matter of law that the company is not chargeable with the knowledge nor bound by the acts of its officers committed in furtherance of a fraudulent scheme for private profit. This question was considered and determined in *Vavricka v. Mid-Continent Co., supra,* upon a similar set of facts. The court said:

"Where an authorized agent of a corporation engaged in selling the stock of a corporation induces a person to purchase such stock by fraudulent representations or concealments, the person defrauded will ordinarily be entitled to a rescission of the contract in the same manner and to the same extent as between two natural persons.

"While actionable fraud may not be predicated upon sales talk, puffing, or the expression of a mere opinion as to value honestly made under circumstances that do not give another the right to rely thereon, representations of positive facts pertaining to the quality of the thing sold and relied upon by the purchaser, which are calculated to mislead and deceive, if proved false, constitute actionable fraud."

The stock involved in this action was sold to plaintiff by one John E. Craig. That he was the agent of the Mid-Continent Company is amply borne out by the record. He was formally appointed such agent by the Mid-Continent Company, such appointment appearing in the record as a part of exhibit No. 13. It is urged, however, that Craig was without authority to bind the Mid-Continent Company because of limitations upon his authority contained in the prospectus delivered to the plaintiff by Craig. It is shown by the evidence that certain representations contained in the prospectus did not constitute the true facts. To this was added the representations of the agent as an inducing factor. To give the financial status and method of operation of the company was necessarily incumbent on the salesman if he was to make a sale. This was strictly in the line

of his duties and the company is responsible for any such positive misrepresentation of fact. Upon the authority of *Vavricka v. Mid-Continent Co., supra,* we hold that the jury could properly find that Craig was acting within the scope of his authority when he made the representations to the plaintiff as to the financial status and method of operation of the Mid-Continent Company.

Complaint is made of the action of the trial court in refusing to permit one Ellinghausen, an expert witness, to testify to the "actual value" of the royalties owned by the Mid-Continent Company on or about the date plaintiff purchased his stock. The offer of proof shows that defendant was tendering the evidence of this witness to show that although the market value was from $115,000 to $125,000, the actual value, based on geological estimates as 'to the quantity of oil remaining in the ground evidenced by the royalties owned by the Mid-Continent Company and an estimated market value when and if taken therefrom, amounted to $210,000 to $225,000. We think the trial court properly limited the testimony to the reasonable market value of the royalties at the time the fraudulent representations were made and the stock sold to plaintiff. Defendant contends, however, that this proof tends to support the truth of the representations made by Craig to the plaintiff. Whatever may have been the basis for the representations as to the value of the stock by defendant's agent, the representations contained no mention of any special basis for the value placed upon the stock. Even if the representations were made upon a factual basis, they were calculated to mislead and deceive the plaintiff, who would naturally give the language used its plain and ordinary meaning. The trial court ruled correctly in excluding the proffered evidence.

Defendant complains of the refusal of the trial court to permit the history of the defendant company, subsequent to its abandonment by Vance, Sanmann, Foster, Erskine and Fair, to be shown. This evidence was offered for the bearing that it has upon the value of the stock. The offer

of proof does not indicate that it would even tend to establish that the stock had a value equal to the amount it was represented to plaintiff to be worth at the time he purchased it. If the stock was worth $3,000, there would be no occasion for a lawsuit. If it was not worth that amount it was not as represented. We think the evidence had little if any bearing upon the issues of the case. It would seem that evidence of a receivership proceeding and the replacement of its officers *in toto* would tend to discredit rather than enhance the value of the stock. We fail to see where the defendant company has been prejudiced by the action of the trial court in excluding the evidence offered.

It is urged that the evidence does not satisfactorily show that plaintiff relied upon the representations made or that they resulted in damage to the plaintiff. The situation in that respect in this case is identical with that in *Vavricka v. Mid-Continent Co., supra,* and is governed by the same result,—that the evidence was sufficient to sustain the verdict of the jury to the contrary.

Complaint is made as to the correctness of the instructions and of the court's refusal to give certain instructions tendered by the defendant company. We have examined all the alleged errors pertaining to the instructions and have concluded that they fairly presented all of the issues to the jury.

We have decided after a further consideration of the case that we were in error in our former opinion, *Aron v. Mid-Continent Co.,* 141 Neb. 806, 4 N. W. (2d) 884. The former opinion is therefore vacated, and the judgment entered by the trial court is found to be correct.

AFFIRMED.

Rose and Eberly, JJ., not participating.