RALPH BENNETT, APPELLANT, V. EMERALD SERVICE, INC., APPELLEE.

59 N. W. 2d 171

Filed June 12, 1953. No. 33332.

*John McArthur* and *Robert D. Zimmerman,* for appellant.

*Perry & Perry,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by the plaintiff and appellant against the defendant and appellee for the recovery of the purchase price of a corn sheller purchased under a written warranty. The action was predicated upon a claimed rescission by plaintiff on account of an alleged breach of warranty.

The action came on for trial to a jury and at the conclusion of the evidence of the plaintiff the defendant moved for a directed verdict in its favor. This motion was sustained and the action was dismissed. The plaintiff thereafter filed a motion for new trial which was overruled. From the judgment of dismissal and the order overruling the motion for new trial the plaintiff has appealed.

Plaintiff has set forth in his brief four assignments of error as grounds for reversal. The first generally charges that the court erred in dismissing the action. The second asserts that the court erred in holding that the defendant was not placed in status quo by the tender of the corn sheller by the plaintiff. The third asserts that the court erred in holding that the plaintiff failed to make a valid tender of the corn sheller to the defendant. The fourth is substantially a contention that it was error to allow the defendant to assert as a defense on the trial that the tender was not valid and complete on the ground that the corn sheller was encumbered by a chattel mortgage in favor of a third party at the time the purported tender was made, for the reason that at the time the alleged tender back of the corn sheller was made the defendant did not refuse the tender on this ground.

The conclusion as to the first assignment, as is apparent, depends upon the determination made upon the other three, therefore it will not receive separate consideration.

The petition charges that on December 28, 1950, the plaintiff purchased the corn sheller from the defendant

for $2,227 with a written warranty. The warranty as it appears in an exhibit adduced in evidence is as follows:

"The Seller agrees to furnish free of cost at Seller's place of business a new part to replace any part which, with proper use, proves defective during the first ninety (90) days after delivery, provided the defective part is promptly returned.

"The Purchaser agrees to give each item of equipment a fair trial as soon as possible after receiving and within two (2) days after the first use. If it then fails to work properly and prompt notice is given, the Seller will send a man within a reasonable time to put it in order, the Purchaser agreeing to render friendly assistance. If it still fails to work properly and the Purchaser promptly returns it to the Seller at the Seller's place of business, the Seller will refund the amount paid, which shall constitute a settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the Purchaser shall not be considered a waiver of this provision. The Purchaser agrees to pay the expense of remedying any trouble due to improper handling.

"No agent of the Seller has authority to alter, add to or waive the above warranties, which are agreed to be the only warranties given and in lieu of all implied warranties.

"The Seller makes no warranty whatever in respect to tires, rims, ignition apparatus, starting devices, generators, batteries or other trade accessories, inasmuch as they are usually warranted separately by their respective manufacturers.

"The Seller agrees to deliver the equipment as ordered unless prevented by causes beyond his reasonable control.

"After delivery all of the equipment shall be held and used at the Purchaser's risk and expense, but title with right of repossession for default is reserved to the Seller until the full purchase price has been paid in cash."

The petition further charges that the plaintiff gave

the corn sheller a fair trial but it failed to work properly, whereupon the defendant was duly notified, and that the defendant attempted to fix it but was unable to do so. On January 26, 1951, after failure of the defendant to fix the sheller the plaintiff returned it to defendant at its place of business and demanded a return and refund of the purchase price. The prayer is for $2,227 with interest from January 26, 1951, and costs.

By answer the defendant admitted the sale of the corn sheller to plaintiff and the warranty but said that the sale price was $1,845 instead of $2,227. It denied that plaintiff gave the corn sheller a fair trial. It said that it promptly serviced the corn sheller and that thereafter it worked properly and met the requirements of the warranty. It said that the plaintiff waived his right to return the corn sheller by the extended retention and use of the corn sheller. It further said that there was no valid rescission for the reason that plaintiff had mortgaged the corn sheller to a third party for $1,845 which mortgage encumbered it at the time of the attempted rescission, thus preventing defendant from being placed in status quo.

A reply was filed which contained a general denial. Also the reply alleged that at the time of the attempted rescission the plaintiff was ready and willing to pay off the mortgage and obtain a release thereof.

It appears that the fourth assignment of error should be considered first. The basic contention of this assignment is that when the plaintiff made his tender the defendant refused and declined it on grounds other than that the plaintiff could not make a valid tender because of the fact that the corn sheller was encumbered by a chattel mortgage, thus precluding a defense that no valid tender was made because of the existence of the mortgage.

The rule that a person who has given a reason for his conduct and decision concerning a matter involved in controversy cannot, after litigation has begun, change

his position and place or explain his conduct upon a different consideration is applicable in cases of rescission. Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315.

The record discloses that the plaintiff delivered the corn sheller to the premises of the defendant and that the tender made was refused. What occurred on the date of the tender is reflected in the following questions propounded by plaintiff's attorney and the answers thereto of plaintiff: "Q- Now what did you do with the machine after you finished out there at the O'Brien place? A- I took the machine back to the Emerald Service and I pulled it into their yard at the back of their building and then I went in to Mr. Becker and I told him that 'there was the cornsheller' and he said 'all right.' Q- Was that all that happened at that time? A- Yes." Becker was the representative of the defendant.

No one contends that this response of Becker amounted to an acceptance of the tender. It was treated as a refusal.

It becomes clear therefore that at the time the tender was made no specific reason was given on behalf of the defendant for refusal of the tender.

Two or three days later the plaintiff called upon Becker. The plaintiff testified as follows as to what occurred: "* * * and Mr. Becker said no he wouldn't have anything to do with it and the warranty was no good because it didn't apply to any machine that wasn't International, and it should have been written up on a used-machinery form." There was other testimony of like purport relating to the warranty.

At the same time plaintiff gave testimony in response to questions by his attorney relating to the chattel mortgage as follows: "Q- When you asked for your money, was anything said about this mortgage? A- No. I said he could make the check out to State Securities, if he wanted to. Q- The mortgage was still on the machine, wasn't it? A- Yes. Q- What did he say about that? A- He said he wasn't going to do nothing about it, he

wouldn't pay it off, and that the contract was no good."

From this record it becomes readily inferable that the defendant would have refused the tender if there had been no mortgage, but it cannot be said that the existence of the mortgage was not one of the grounds of refusal.

This specific refusal to accept the tender burdened with the condition with regard to the mortgage which the plaintiff testified that he imposed must be regarded as a permissible defense to the contention of plaintiff that he made a valid and sufficient tender.

From this it becomes apparent that the tender as made was not to the extent reasonably possible under the circumstances entire and complete and it did not place the parties in status quo. If the plaintiff had arranged with the holder of the mortgage for its release upon payment of a fixed sum which was within the amount owing to him if rescission was proper and which he was willing for the seller to pay to the mortgagee, there would have been a restoration to the extent reasonably possible insofar as the chattel mortgage is concerned. A seller is not required to take back property upon which a purchaser has placed a mortgage which the mortgagee may be unwilling to release and which cannot be immediately paid off according to its terms out of the purchase money or necessary additions thereto supplied by the purchaser. A contract of purchase cannot be rescinded in part and in part remain executed. The corn sheller remained encumbered to the extent of $1,845. The rescission of a contract must be in toto and the parties must be placed in status quo so far as the circumstances will permit. § 69-469, R. R. S. 1943; Alfree Mfg. Co. v. Grape, 59 Neb. 777, 82 N. W. 11; Perry v. Meyer, 110 Neb. 347, 193 N. W. 717; Rasmussen v. Hungerford Potato Growers Assn., 111 Neb. 58, 195 N. W. 469; Aron v. Mid-Continent Co., 141 Neb. 806, 4 N. W. 2d 884. The decision in Aron v. Mid-Continent Co., *supra,* was reversed in 143 Neb. 87, 8 N. W. 2d 682, but this legal principle was not disturbed.

This disposes of the second and fourth assignments of error adversely to the plaintiff and also his third assignment unless the facts and circumstances as disclosed by the record excused him from making a full and complete tender within the meaning of the decisions.

It is true that the law does not require vain things, and a formal tender of property is not required if it appears that it would have been futile. Garbark v. Newman, *supra.*

As already indicated, it is reasonable to infer from the record that if a sufficient tender had been made it would have been refused. This however is not sufficient upon which to base an adjudication that there was a valid rescission and to base an award for damages.

In addition, in order to sustain his case it was necessary that the plaintiff adduce evidence that at the time the tender was made he had the present and immediate ability to make his tender good. Baird v. Union Mutual Life Ins. Co., 103 Neb. 609, 173 N. W. 686, on rehearing, 104 Neb. 352, 177 N. W. 156; Linch v. Nebraska Buick Automobile Co., 120 Neb. 819, 235 N. W. 456; Garbark v. Newman, *supra;* Adams v. Adams, 156 Neb. 540, 57 N. W. 2d 131.

There was no such evidence as regards the mortgage. The showing that plaintiff authorized the defendant to satisfy the mortgage out of the demanded refund of the purchase price of the corn sheller did not satisfy the deficiency. The satisfaction of this mortgage was the burden of the plaintiff and he could not shift it to the defendant without its consent.

The facts and circumstances of this case did not excuse the plaintiff from making a full and complete tender. The third assignment of error is therefore without merit.

For the reasons herein set forth the judgment of the district court is affirmed.

AFFIRMED.