JAMES CRUICKSHANK *et al. vs.* LOOMIS D. GRISWOLD, Individually and as Tr., PROSPERITY DEVELOPMENT Co.

APRIL 26, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of the case in assumpsit to recover the purchase price of certain land because of the rescission of an alleged agreement which had been made by the parties. After a trial in the superior court a jury returned a verdict for the plaintiff for $1,431. The defendant's motion for a new trial was thereafter denied and he has prosecuted his bill of exceptions to this court.

The declaration contains three counts. The first count alleges in substance that on July 22, 1946 defendant, his agents and servants represented to plaintiffs that arrangements with the city of Pawtucket had been made to supply water to two certain lots of land situated in the town of Lincoln in this state; that as a result of such representation plaintiffs were induced to buy said lots for $1,350 which sum they paid to defendant; that no such arrangements had then been made with said city and no facilities to supply the lots with water had been installed at the time the declaration was filed; that the lots were duly conveyed to

plaintiffs; and that they "have rescinded said transaction and have offered to reconvey said property to Loomis D. Griswold upon the repayment by him to said plaintiffs the said sum of Thirteen Hundred and Fifty Dollars ($1350)," which although requested he has neglected and refused to do.

The second count is of a similar nature, but charges that defendant, his agents and servants represented to plaintiffs that streets would be constructed on the plat upon which the lots in question were located, and that such streets have not been so constructed. It concludes with the same prayer for relief as in the first count. The third count contains only the common counts. The defendant's plea to each count was the general issue.

His bill of exceptions sets out exceptions to the rulings of the trial justice in respect to the admission of testimony, to his refusal to grant defendant's motion for a directed verdict, and to the denial of his motion for a new trial. Broadly speaking the motion for a directed verdict was urged by defendant on two grounds: first, that there was no evidence of a sufficient legal tender by plaintiffs; and secondly, that they had, as a matter of law, been guilty of laches in bringing the present action. We will consider the first of the above grounds.

The plaintiffs admit that in a case of this kind, involving the rescission of an alleged agreement, they are ordinarily obliged before bringing suit to make a tender to defendant of the consideration they had received from him. They argue that they have made a sufficient legal tender in this instance. They rely on a letter from their attorney to defendant under date of March 14, 1950 which contained in part the following language in relation to the representations allegedly made by defendant to plaintiffs and to their offer to execute a deed to him of the property in question: "Under the circumstances, my clients are now desirous of voiding the sale and of obtaining a refund of the money

which they paid for the land. I am informed that they paid you $1350.00. Upon the payment of $1350.00 to this office, I shall deliver to you a deed signed by Mr. and Mrs. Cruickshank conveying the land in question back to you. Unless I hear from you in connection with this matter on or before March 21, 1950, I have been instructed to file a bill of complaint in the Superior Court seeking to have the conveyance set aside on the grounds of fraud."

It is generally held that a vendee, who alleges misrepresentation on the part of the vendor, may proceed either at law or in equity for relief in connection with the rescission of the contract entered into by the parties and the recovery of the consideration paid by the vendee. Broadly speaking, in such a situation equitable relief is usually more complete and adaptable. In 55 Am. Jur., Vendor and Purchaser, §593, pp. 985, 986, it is stated: "Fraud of the vendor in inducing the purchaser to enter into a land contract renders the contract voidable at the option of the purchaser. He may at his election if he acts with reasonable promptness rescind the contract on the ground of the fraud of the vendor and bring an action at law for the recovery back of the money which he paid upon the purchase price. * * * Generally speaking, courts of law and courts of equity have concurrent jurisdiction in cases of fraud * * *."

Further it is stated in 95 A.L.R., p. 1001, note: "A court of law cannot decree rescission or cancelation, but rescission and restitution, being accomplished, may enable the plaintiff to recover his property or money which is unlawfully withheld. In such a case rescission and tender of restitution are conditions precedent to the maintenance of the action. On the other hand a bill in equity to obtain a rescission is not like an action at law brought on the footing of a rescission previously completed; rather, the foundation of the bill is that the rescission is not complete and that the plaintiff asks the aid of the court to make it so." See *Masters* v. *Van Wart*, 125 Me. 402; *Royal* v. *Goss*, 154 Ala. 117,

122. In addition the following language appears in 66 C.J., Vendor and Purchaser, §455, p. 813: "Even where the purchaser has received a conveyance of the land in execution of the contract, he may rescind at law, upon surrendering possession and tendering the reconveyance, and then defend or sue because of the fraud."

This court in *Dooley* v. *Stillson*, 46 R. I. 332, 335, has recognized that an action at law involving the rescission of a contract for the sale of land may be brought by a vendee to recover damages. Although on its facts that case differs substantially from the instant case the question raised was whether the rescission of the contract in question had actually taken place. In the course of its opinion the court stated: "An attempted restoration of the *status quo* is an essential part of rescission." See also *Fuller* v. *Atwood*, 13 R. I. 316; *Duval & Iglehart* v. *Mowry*, 6 R. I. 479.

With respect to the general principles of law above referred to, defendant argues that in this action plaintiffs by their letter of March 14, 1950 or otherwise did not make a sufficient tender in law of restitution to him and have not placed him in *statu quo* in regard to the two lots in question; that in the circumstances an essential element of plaintiffs' case is therefore lacking; and that as a matter of law defendant was entitled to a directed verdict on that ground. It is our opinion that this contention is correct and that the trial justice was in error in denying the motion for such direction.

It is stated in 105 A.L.R., p. 1004, note: "The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides. That one party should be released from his part of the agreement, and that he should be excused from making the other party whole, does not seem agreeable to reason or justice. Hence the general rule is that a party who rescinds an agreement must place the opposite party in statu quo. * * * However, in actions at

law based upon the rescission of contracts, the general rule is that such rescission must be complete, and the adverse party, whether plaintiff or defendant, placed in statu quo, before the bringing of the action or assertion of the defense."

The case of *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, an action based on the rescission of a contract, resembles the instant case in several particulars. The court sustained the ruling of the trial justice dismissing the complaint on the ground that certain certificates had never been tendered to the adverse party prior to the commencement of the action. It stated at page 127: "In an action at law based upon a rescission of a voidable contract, the rule has long been established that the party must restore or offer to restore before suit whatever he has received by virtue of the contract." At page 128 the court further said: "It is an elementary principle that in an action at law based upon a rescission, restitution before action is necessary." See 5 Pom. Eq. Jur. (4th ed.), §2110, p. 4765.

In the above case the purported tender of restitution was made by letter as follows: "We hereby notify you that we elect to rescind our contracts of purchase of February 10, 1931 and February 13, 1931, hereby tender back to you certificates * * * with interest received by us in the sum of * * * and demand that you return to us the purchase price paid by us * * * with interest * * *." The court in holding that such tender was insufficient made the following comment at page 130: "Before respondent could rescind the contract, it should have returned or have attempted to make a return of the certificates. Its letter of * * * was not sufficient for this purpose. It stated 'we * * * hereby tender back to you certificates * * * and demand that you return to us' the sum paid. No attempt was ever made to return the certificates. That gesture was ineffectual." Certain recognized exceptions to the above rule, such as when a party by his conduct has waived his right to receive a

tender of restitution or when the article or property to be tendered is of no value, clearly do not apply here.

In the instant case upon consideration it is our judgment that, under the law already set forth, the letter of March 14, 1950 which was sent by plaintiffs to defendant did not amount to a sufficient legal tender to warrant recovery in an action at law based on rescission of an agreement. The rules governing the bringing of such an action are stricter and more exacting than those relating to proceedings in equity to accomplish the same result. The letter in question was merely a notice to defendant that upon payment of $1,350 at the office of the attorney for plaintiffs he would deliver to defendant a deed of the land in question. It did not amount to a definite and unequivocal tender and there was no evidence to relieve him of that requirement.

Because of our conclusion that defendant's exception to the denial of his motion for a directed verdict should be sustained on the ground that there was no evidence of a legal tender of restitution by plaintiffs respecting the lots involved, it is unnecessary to consider other questions raised by defendant or to pass upon his other exceptions.

For the reasons stated, the defendant's fifth exception is sustained, and on May 3, 1954 the plaintiffs may appear before this court to show cause, if any they have, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Crowe & Hetherington,* for plaintiffs.

*Robert Brown,* for defendant.