LEONARD A. ANSON ET AL., APPELLEES, V. JAMES R. GRACE ET AL., APPELLANTS.

117 N. W. 2d 529

Filed October 26, 1962. No. 35173.

Joseph C. Byrne, for appellants.

Shrout & Foley, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Leonard A. Anson and Christine Anson, plaintiffs and appellees, against James R. Grace and Sharon L. Grace, defendants and appellants, to strictly foreclose a written contract to sell and convey certain real estate, alleged to be in default. In the action the defendants filed an answer and counterclaim in statement of a cause of action in rescission of the real estate contract.

A trial was had to the court at the conclusion of which the cause of action of plaintiffs was sustained but strict foreclosure was denied. Instead foreclosure was adjudicated by the terms of which the defendants were granted the right to pay the balance due pursuant to the terms of the contract, and in the event of failure so to do the property was ordered sold as upon execution. The pleaded counterclaim of the defendants was dismissed.

A motion for new trial was duly filed by the defendants. This motion was overruled. From the judgment the defendants have appealed.

By the petition of the plaintiffs, to the extent necessary to state here, it was pleaded that a contract was entered into on October 15, 1959, whereby the plaintiffs sold to the defendants a certain lot with improvements thereon in Lakoma Heights in Douglas County, Nebraska, for $10,700 with payments as designated in the contract, which contract was in default. The petition was filed on December 15, 1960. The prayer was for foreclosure as indicated and the recovery of costs and disbursements.

To the petition the defendants filed what is termed "Answer and Counterclaim." In this pleading there is

no specific or general denial of the factual statement contained in the petition. In other words, there is no denial of the existence of the contract or that the payments required by its terms had not been met. This pleading was an affirmative statement of a cross action against the plaintiffs. It was filed on January 16, 1961.

By this pleading it was alleged that the contract of sale was obtained through fraud and misrepresentation made to defendants by plaintiffs as follows: That the plaintiff Leonard A. Anson was a homebuilder by occupation and that the house on the premises was constructed according to standard practices and existing specifications required by law; that the water supply for the house was located on the property and was designed, constructed, and located so as to provide a continuing supply of pure water and in accordance with standard practices and according to existing specifications required by law; and that the septic system located on the property was designed, constructed, and located so as to efficiently accommodate the sewage and waste products and according to standard practices and existing specifications required by law.

It was further pleaded that on discovery of the true conditions the defendants caused a notice of rescission to be served on the plaintiffs. A copy of this notice is attached to the pleading. It is dated November 29, 1960. This notice in pertinent part here is as follows: "You are hereby notified that the undersigned intend to and do hereby rescind the land contract entered into between yourselves and theirselves on the 15th day of October, 1959, for the purchase and sale of the following property, to-wit: * * * and that the undersigned hereby offer to reconvey such property to you and to restore everything of value which they have received from you, and to surrender the possession of said properties, and to do and perform all acts and things which might be necessary or proper in order fully to restore to you all the properties and things of value received from you, as fully

and completely as if said contract had never been made, upon the condition that you restore the moneys and things of value received as consideration for said purchase and sale, together with compensation for improvements made upon the property in reliance upon the contract."

It was alleged that the defendants converted the basement into an apartment which improvement was of the value of $1,950, and made repairs and other improvements at the cost of $449.98, the total of which was $2,399.89 (sic); that there had been paid as a down payment on the contract $2,000; that monthly payments in the amount of $909.48 had been made; that $237.33 had been paid on account of taxes; and insurance premiums in the amount of $68.26 had been paid.

The defendants prayed that the land contract be decreed to be void and rescinded; that they receive restitution of all payments made pursuant to the terms of the contract; and also that they receive the total of the money expended for the reconstruction of the basement, repairs, and improvements of the home. The total amount prayed for was $5,614.96.

It is pointed out here that neither by pleading nor evidence is it made to appear that the defendants by their notice of rescission or otherwise ever tendered back to plaintiffs the property in its condition at the time the notice was given; and likewise no offer was made to restore it to its original condition and return it.

It is true that the defendants left the premises about the time the rescission notice was given, but there is nothing to indicate that this was intended as a return or surrender of the property. The pleadings and the total effect of the evidence given by the defendants at the trial are to the contrary.

This observation at this point is deemed expedient in the determination of what was presented by the pleadings and the manner in which the case was presented for consideration at the trial.

The action, as indicated, was commenced by the filing of a petition. Also as pointed out, the defendants filed their answer and counterclaim. In that pleading there was no response to the cause of action contained in the petition. They did however set forth affirmatively a cross action the pertinent parts of which have been summarized.

Inexplicably the plaintiffs never filed any kind or character of pleading in response to this pleaded cross action. As the record stood and throughout the trial, here was an action and a cross action to neither of which was there a pleaded response. No question was raised as to this and the evidence of the parties was adduced, and the judgment rendered at the conclusion of the trial is here for review. The parties to the action obviously treated the affirmative defense to the action as denied.

The rule to be applied therefore is as follows: "Where during the trial of a cause both parties treat an affirmative defense as denied, it will be so considered in this court, although the plaintiff filed no reply either before or after judgment." Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251. See, also, Central Constr. Co. v. Highsmith, 155 Neb. 113, 50 N. W. 2d 817; Dinkel v. Hagedorn, 156 Neb. 419, 56 N. W. 2d 464.

As pointed out there is no allegation in denial of the cause of action pleaded by the plaintiffs. This presents no problem here since the evidence of plaintiffs sustains their right to the relief prayed and granted by the decree unless that right is defeated by sufficient proof of the pleaded cross action.

In effect the plaintiffs have denied the alleged fraud and misrepresentation; they have denied that there was within the meaning of appropriate legal principles a valid rescission by the defendants; and they have denied that the defendants were entitled to receive a judgment for damages if there has been a valid rescission.

In considering the question of fraud and misrepre-

sentation the burden of proof is on the party or parties making the charge. The rule has been stated on numerous occasions. With particular reference to false representation as a basis for rescission it is stated in Russo v. Williams, 160 Neb. 564, 71 N. W. 2d 131, as follows: "To maintain an action for rescission because of false representations the party seeking such relief must allege and prove what representations were made; that they were false and so known to be by the party charged with making them or else were made without knowledge as a positive statement of known fact; that the party seeking relief believed the representations to be true; and that he relied and acted upon them and was injured thereby." See, also, Caruso v. Moy, 164 Neb. 68, 81 N. W. 2d 826; Wegner v. West, 169 Neb. 546, 100 N. W. 2d 542.

The substance of the allegations of fraudulent representations has already been set out. As to the first there is no evidence which within the meaning of the controlling principles proved the representations to be fraudulent. One of the occupations of Leonard A. Anson was that of a homebuilder. He did build the dwelling. There is evidence of a general character as to the construction of the building, but no representation that it was done according to standard practices and existing specifications required by law. The effective conclusion of the trial court that this specification was not sustained by sufficient evidence was not erroneous.

As to the second representation it may be said that the evidence discloses that the water supply came from a well located on the property. There is no evidence of representation either that it would provide a continuing supply or that it was constructed in accordance with standard practices or existing specifications required by law. It cannot be here said that the trial court erred in denying the defendants a recovery based on this specification.

As to the remaining specification, there were conver-

sations relating to the septic system. The gist of these conversations in this area, as testified to by the defendants, was that Leonard A. Anson said that he had never had trouble and he didn't see why the defendants should have trouble, and that he was sure that the tank was sufficient. It cannot be said that the trial court erred in its conclusion that this specification was not sufficiently proved.

In the light of this it must be said that rescission of the contract in question on account of the fraud alleged was properly denied.

There is another reason under undisputed facts and established principles of law for the denial of the relief sought by the defendants under their cross action. That reason is that there was no valid and recognizable rescission by the defendants.

Certain basic principles, as follows, must have received adherence in order that it may be said that a right of rescission has been established:

"The rescission of a contract must be in toto and the parties must be placed in status quo so far as the circumstances will permit.

"Ordinarily in rescission a formal tender of property is not required if it appears that it would have been futile.

"However a tender may not be regarded as valid or sufficient, even if it appears that it would have been futile, unless it is made to appear that at the time the tender was made there was a present and immediate ability to make the tender good." Bennett v. Emerald Service, Inc., 157 Neb. 176, 59 N. W. 2d 171. See, also, Caruso v. Moy, *supra;* Wegner v. West, *supra.*

Another principle is as follows: "Rescission by its nature implies the extinction of the contract which leaves the parties without a right of recovery on the contract itself." Wegner v. West, *supra.*

There was within the meaning of these principles no valid rescission made by the defendants. It is true that they declared a rescission, but there was no rescission of

the contract in toto, and no placement of the plaintiffs in status quo to the extent permitted by the circumstances.

The defendants never tendered or surrendered to the plaintiffs the property which was the subject matter of the contract in its condition at the time of the notice of rescission or thereafter, and never did offer to restore the property to the condition it was in at the time of the contract of sale and to return it. All that they ever did was to make a conditional offer of reconveyance stated in pertinent part as follows: "* * * and that the undersigned hereby offer to reconvey such property to you * * * upon the condition that you restore the moneys and things of value received as consideration for said purchase and sale, together with compensation for improvements made upon the property in reliance upon the contract."

For this reason also, that is, that within the meaning of law there was no valid rescission, the relief prayed by defendants was properly denied.

In view of the conclusion that the defendants have failed to sufficiently prove a right of recovery it does not become necessary to discuss the elements to be considered in arriving at what a recovery should be if a right had been established.

The plaintiffs adduced evidence sufficient, if not challenged and in the absence of a sufficiently established defense, to sustain the right to foreclose and for the amounts found by the court to be due. The defendants did not by pleading or evidence contest the amounts. The plaintiffs have not by cross-appeal raised any question in relation thereto. It is further true that the plaintiffs have accepted and do not complain of the character of the foreclosure decreed although it departs from the character prayed for in the petition.

In the light therefore of what has been disclosed by the record, the judgment of the district court should be, and it is, affirmed.

AFFIRMED.