The AMERICAN INSURANCE COMPANY and T.M.J. Builders, Inc. *v.* MOUNTAIN HOME SCHOOL DISTRICT NO. 9

89-46                                                    780 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered December 11, 1989

*Hardin & Grace*, for appellant.

*H. David Blair*, for appellee.

JOHN I. PURTLE, Justice. The Baxter County Circuit Court entered a judgment against the appellants, the American Insurance Company and T.M.J. Builders, Inc., jointly and severally, in the amount of $85,728.00, to which the court added prejudgment interest totaling $12,105.03. The court also entered a 12 percent penalty in the amount of $10,287.36, together with an attorney's fee of $15,000.00 against appellant American Insurance Company only. Appellant T.M.J. Builders argues that: (1) the trial court erred in not transferring the case to the chancery court, and

(2) the verdict was clearly against the preponderance of the evidence. We agree that the circuit court erred in not transferring the case to equity. We must, therefore, reverse and remand.

The appellee, Mountain Home School District No. 9, advertised for bids for construction of a new junior high school building. The bids were opened on September 19, 1985, in Mountain Home. Appellant T.M.J. discovered a clerical error while reviewing its bid on the evening of September 19, 1985, and at that time made an unsuccessful attempt to contact its representative in Mountain Home. Chuck Kline attended the bid opening on behalf of T.M.J. Prior to the opening, Kline was informed by Jack Slate, an estimator for T.M.J., that the bid contained an error concerning the amount estimated for roofing. Slate instructed Kline to substitute a figure for the erroneous one in the sealed bid, but he was unable to do so. On the next day, T.M.J. notified the appellant's architect of the error and stated it would be necessary either to withdraw the bid or to amend it.

On September 26, 1985, the appellee voted to accept appellant T.M.J.'s bid. At the time of acceptance, it was known that T.M.J. had claimed an error in the bid, concerning the cost of roofing. A figure of $15.00 per square, instead of the intended $115.00, had been quoted. The bid amount was projected for 804 squares of roofing.

Shortly after acceptance of the bid, T.M.J. informed the appellee that it would not enter into a contract to build the junior high school. Instead, it attempted to withdraw its bid unless an amendment were allowed reflecting the real price of the roofing. The appellee refused to make an adjustment and subsequently entered into a negotiated contract with another builder for the construction of the school.

On June 19, 1986, the Mountain Home School District filed suit in the Baxter County Circuit Court against appellants T.M.J. Builders and American Insurance Company (as surety). The complaint sought to recover damages in the sum of $85,728.00 plus prejudgment interest, penalty, and attorney's fees.

On July 17, 1986, T.M.J. filed its answer denying all liability, and American filed its answer on July 23, 1986,

acknowledging its responsibility to pay all proper claims against the bond, but at the same time emphasizing its responsibility to T.M.J. to withhold payment until there had been an opportunity for the principal to present good faith defenses.

The parties submitted the case to the court upon a stipulation of facts on September 24, 1987, with the understanding that briefs would be submitted later. The briefs were completed by November 3, 1987. On November 9, 1987, T.M.J. filed its motion to transfer the case to equity. The motion to transfer stated:

> Defendant is seeking relief which can only be granted in equity and for which no adequate remedy exists at law, said relief being as follows: Defendant, T.M.J. BUILDERS, INC., seeks, in the alternative, the equitable relief of recision of contract on the grounds of unconscionability should the Court find that a valid contract was formed between Plaintiff and T.M.J. at the time the bids were opened.

No further action was taken in the case until September 8, 1988, when the trial court denied the motion to transfer to equity. Judgment was entered for appellee on October 21, 1988.

We first consider the argument that the trial court erred in refusing to transfer the case to the Baxter County Chancery Court.

The motion to transfer to equity, in the present case, was made ten months before judgment was entered in favor of the school district. This is not a case where the motion was just thrown in for purposes of inconveniencing the opposing party or for unnecessary delay. The trial court, after considering the motion and response, overruled the motion before entering the judgment for the appellee.

Rescission or cancellation of instruments or agreements to prevent inequitable or unjust results has long been recognized as cognizable in equity. In the early case of *Mc-Cracken* v. *McBee*, 96 Ark. 251, 131 S.W. 450 (1910), this court stated:

> Cancellation of instruments is one of the well-recognized grounds of equity jurisdiction. It operates indirectly to

establish or protect primary rights. It is often granted as ancillary and "preliminary to the final relief by which a party's primary right, estate or interest is established and enforced." It is a remedy which belongs exclusively to the equity jurisdiction, and is exercised in order to remove the obstacle which stands in the way of the enjoyment of one's right, interest or estate. "The occasions giving rise to the jurisdiction are mistake, fraud and other instances where enforcing instruments or agreements would be inequitable or unjust."

We had occasion to rule on an issue concerning a unilateral mistake by a bidder on a highway construction project in *Arkansas State Highway Department* v. *Ottinger*, 232 Ark. 35, 334 S.W.2d 694 (1960). The contractor noticed his unilateral mistake a few hours after the announcement was made that his bid was the lowest for the project. He went immediately to the Highway Commission and requested permission to withdraw the bid. Ottinger followed up his request to withdraw his bid by telephone communication and letter. Five days after bid opening the Commission notified Ottinger his bid had been accepted. Upon his refusal to perform the Commission awarded the contract to the second lowest bidder. Ottinger filed suit in chancery court to cancel his bid because he had quoted 43 cents per yard for excavation work rather than the intended 83 cents.

The *Ottinger* opinion stated:

> The rule granting relief to a contractor for a unilateral mistake, in circumstances similar to what we have here, is announced by the annotator in 52 A.L.R. 2d at page 796. After reviewing a number of cases, he summarizes his findings in this language: "In the typical situation here presented, so firmly has the rule favoring equitable relief against unilateral mistake become established that no case has been discovered in which it has not been granted, by way of rescission or similar or appropriate relief, where there is proof of a combination of circumstances establishing remedial mistake and timely communication of knowledge to and assertion of the right to relief against the other party."

The facts in *Ottinger* are strikingly similar to those in

the present case. We see no need to distinguish between a local school district and the state highway department in matters concerning bids on public projects. The facts in this case as alleged, together with the timely motion to transfer to equity, clearly indicate that the circuit court erred in not granting the motion to transfer. Therefore, it will be unnecessary to consider other arguments for reversal.

■ The case is remanded to the trial court with directions to transfer the case to chancery for trial. The conditions for equitable relief are controlled by the rule stated in *Ottinger*:

> The essential conditions to such relief by way of rescission for mistake are (1) the mistake must be of so great a consequence that to enforce the contract as actually made would be unconscionable; (2) the matter as to which the mistake was made must relate to the material feature of the contract; (3) the mistake must have occurred notwithstanding the exercise of reasonable care by the party making the mistake, and (4) it must be able to get relief by way of rescission without serious prejudice to the other party, except for loss of his bargain.

This rule should be applied by the chancery court.

Reversed and remanded.

HICKMAN and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. The majority proceeds to reverse this case on the assumption that the appellants, who were the defendants below, had an absolute right to divest the circuit court of jurisdiction over the appellee's cause of action for breach of contract, merely by filing a motion to transfer to chancery court prior to a decision on the merits. I respectfully disagree. Rescission is an affirmative defense which must be pled [ARCP Rule 12(b) and 8(c)] and appellants did not plead rescission. Moreover, it is well settled that it is not error to deny a motion to transfer that is untimely. *Whitten Developments, Inc.* v. *Agee*, 256 Ark. 968, 511 S.W.2d 466 (1974); *Reid* v. *Karoley*, 232 Ark. 261, 337 S.W.2d 648 (1960); *Gray* v. *Malone*, 142 Ark. 609, 219 S.W. 742 (1920); *Crawford County Bank* v. *Bolton*, 87 Ark. 142, 112 S.W. 398 (1908); *Cockrell* v. *Warner*, 14 Ark. 345 (1853); *Jamison* v. *May*, 13 Ark. 600 (1853).

The majority ignores the absence of an affirmative pleading and declares this motion was timely because it was filed ten months before the case was decided. But the fact is, at the time the motion was filed the pleadings had been joined for sixteen months, a jury had been waived, the case had been submitted to the circuit judge upon a stipulation of facts and briefs had been submitted. Thus, this case had proceeded at law without protest from the appellants for almost a year and a half and was awaiting final decision when the motion to transfer was filed. In *Whitten* v. *Agee*, *supra* (dealing with a belated motion to transfer from equity to law), this court remarked:

> We have also held that by failure to make a timely motion to transfer, in a case of this kind, a party waives the right unless the equity court is wholly incompetent to grant the relief sought.

More recently, in *McCune* v. *Brown*, 8 Ark. App. 51, 648 S.W.2d 811 (1983), the Court of Appeals refused to consider the merits of a motion to transfer (which the trial court had denied) filed five months after the answer:

> We do not reach this issue, since we find that appellant did not timely file her motion to transfer . . . Approximately five months have transpired between the time of the original answer and the filing of the motion to transfer.

By this decision it appears no longer necessary that a motion to transfer be timely or that it be based upon a pleading asserting an equitable defense. I would affirm the judgment.

HICKMAN, J., joins this dissent.