The MAUMELLE COMPANY, DeHaven, Todd & Co., John DeHaven, and Michael Todd *v.* Glenn and Cavonna ESKOLA

93-143                                    865 S.W.2d 272

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*John T. Harmon* and *George E. Pike*, for appellants

*Gary Eubanks & Associates*, by: *James Gerard Schulze, William Gary Holt*, and *Robert L. Gross*, for appellees.

STEELE HAYS, Justice. Appellees Glenn Eskola and Cavonna Eskola brought this action at law against The Maumelle Company, DeHaven, Todd & Co., a partnership, John DeHaven and Michael Todd. The Maumelle Company, which is owned by DeHaven, Todd & Co., marketed property in the City of Maumelle which was owned by the partnership, DeHaven, Todd & Co. John DeHaven is the president and C.E.O. of the company and the partnership. DeHaven and Todd each own fifty percent of the partnership.

On November 20, 1989, the Eskolas signed a real estate contract and installment note for the purchase of a lot in the Edgewater II subdivision of the City of Maumelle being developed by The Maumelle Company. The purchase price was $29,000. The Eskolas intended to sell the lot in about nine months for a

profit. They contended that The Maumelle Company represented the lot as a short-term investment and agreed to assist in selling the lot. The Eskolas claimed The Maumelle Company representative indicated the price of the lots would increase when the improvements- paved roads and utilities- were completed within a six to nine month period. There was evidence the improvements were not completed within that time and The Maumelle Company made no attempt to sell the Eskolas' lot. The Maumelle Company referred the Eskolas to real estate agents; however, The Maumelle Company did not market the lot as part of its own sales presentations.

The Eskolas filed a complaint in the Pulaski County Circuit Court alleging fraud, deceit, and misrepresentation by the defendants. The plaintiffs filed an amended complaint alleging that lots were sold in violation of the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C.A. § 1701 *et. seq.* The Eskolas maintained they had not been furnished a "property report" as required under ILSFDA. The amended complaint requested the following relief: return of the down payment and all other payments, plus interest, attorney's fees, and any other proper relief. The defendants moved to transfer the case to chancery court on the ground that rescission was exclusively within equitable jurisdiction.

On the morning of the trial, the Eskolas tendered a warranty deed to the defendants in exchange for the money they had paid for the lot, which was then free of liens. The defendants refused the tender and objected to the case proceeding at law on the theory of rescission. They contended the correct measure of damages was the difference between the value of the lot and the amount paid by the Eskolas. The Eskolas then stipulated to the court that they would convey the property back to the defendants conditioned on the recovery of their actual losses and payment thereof. Mr. Eskola testified that he had previously offered to return the lot to the defendants in exchange for the purchase price.

The jury found that The Maumelle Company, DeHaven, Todd & Co., and Jay DeHaven violated the ILSFDA and that The Maumelle Company and Jay DeHaven had committed fraud. The jury awarded the Eskolas $34,227.73 in compensatory damages

and $29,000 in punitive damages. The $34,227.73 was the amount the Eskolas had paid for the property, plus interest, less any tax savings which they had received. The Eskolas also recovered attorneys' fees of $40,000.

Four points for reversal are presented by this appeal: it was error to submit to the jury the issue of The Maumelle Company's alleged evasion of the Federal Interstate Land Sales Full Disclosure Act; the circuit court lacked jurisdiction to grant rescission; there was no proof of fraud by The Maumelle Company, nor any damage by the Eskolas; and the issue of punitive damages should not have been submitted to the jury. We agree that the circuit court lacked jurisdiction to grant the relief ordered.

The Eskolas sought damages equal to the price paid for the lot plus interest and that was the amount awarded. The remedy which was afforded by the trial court returned the parties to their respective positions at the time of the sale. Rescission is a remedy cognizable in equity, and it may form the basis of restitution at law if the rescission is accomplished by the party who then seeks restitution at law. *Herrick* v. *Robinson*, 267 Ark. 576, 595 S.W.2d 637 (1980) *rehearing denied*, March 31, 1980. We have recognized that in an action for rescission of a contract in a court of equity the court applies equitable principles in an attempt to restore the status quo or place the parties in their respective positions at the time of the sale. *Cardiac Thoracic & Vascular Surgery, P.A.* v. *Bond*, 310 Ark. 798, 840 S.W.2d 188 (1992). That was the effect of the judgment in this case.

Initially, the Eskolas contend because this case involves "rescission at law," the circuit court did not have to order a transfer of title. In *Herrick* v. *Robinson, supra*, we recognized that rescission is cognizable at law as well as in equity. With rescission in equity the affirmative powers of the court of equity are used to rescind, or undo, the contract. *Coran* v. *Keller*, 295 Ark. 308, 748 S.W.2d 349 (1988). However, at law it is the return or tender of the property that effectuates the rescission and the law court merely grants restitution. *Id.* In such cases the rescission is by act of the party and is a *condition precedent* to bringing an action to recover money owed by the other party to the contract; a recovery is dependent on the fact that the plaintiff has rescinded the contract by returning or tendering the prop-

erty to the defendant. Unless rescission has occurred, the remedy of restitution is not available. 12A C.J.S., Can. Inst. § 4, 646-647. Thus, rescission at law is accomplished when one party to a contract *tenders* or returns to the other party the benefits received under the contract. *Savers Fed. Sav. & Loan Ass'n* v. *First Fed. Sav. & Loan Ass'n*, 298 Ark. 472, 768 S.W.2d 536 (1989), *rehearing denied*, May 30, 1989.

In this case, the Eskolas' belated tender of the deed was not sufficient to maintain an action at law. Mr. Eskola testified that he owned the property and had been attempting to sell the property until the day of the trial. Even when the deed was finally tendered it was on condition that the Eskolas be awarded their actual losses, accompanied by a recovery.

■  To maintain an action at law, the tender must be done at or prior to the time of the commencement of the action. *Kracl* v. *Loseke*, 461 N.W.2d 67 (Neb. 1990); quoting from *Rasmussen* v. *Hungerford Potato Growers Ass'n*, 195 N.W. 469 (Neb. 1923). Generally, the tender must be complete and unequivocal. D. Dobbs, *Handbook on the Law of Remedies* § 4.8 (1973). In *Cruickshank* v. *Griswold* the attorney for the plaintiff sent a letter to the defendant which stated: "[u]pon the payment of $1350 to this office, I shall deliver to you a deed signed by Mr. and Mrs. Cruickshank conveying the land in question back to you." 104 A.2d 551 (Rhode Island 1954). The Rhode Island Supreme Court held that the letter did not amount to a definite and unequivocal tender. *Id.* In *Anson* v. *Grace*, the Supreme Court of Nebraska held that the tender requirement was not met where the plaintiffs made a conditional tender in a "notice of rescission." 117 N.W.2d 529 (Neb. 1962). In *Anson* the offer to reconvey was made on the condition that the plaintiffs return the consideration for the purchase. *Id.*

■■  The Eskolas did have at least one option for protecting their interest after tender of the deed. One court has determined that tender is sufficient to proceed on a legal rescission claim where the plaintiffs tendered a quitclaim deed and remained in possession of the land only for the purpose of protecting their interest in obtaining reimbursement for the payments and improvements which they made. *Brooks* v. *Jensen*, 270 P.2d 425 (Idaho 1954). However, the Eskolas' tender was conditional and they

continued to attempt to sell the property rather than simply protect their interest. Their stipulation that they would tender the deed to the defendants upon an award by the jury does not equate with a complete and unequivocal tender. The very fact that the tender was conditional made it equivocal and incomplete. The Eskolas continued to exercise control over the property throughout the proceedings. Further, in order to maintain an action at law, the rescission must have occurred prior to commencement of the proceedings. The stipulation in this case occurred the morning of trial.

The Eskolas contend the circuit court has authority to grant a rescission under ILSFDA. The only support for the argument is the language of the ILSFDA statute. ILSFDA confers upon district courts of the United States jurisdiction over offenses and violations under this chapter, concurrent with state courts, of all suits in equity and actions at law. 42 U.S.C.A. 15 § 1719. ILSFDA does allow a buyer to bring an action at law or in equity; however, we have recognized that rescission of instruments or agreements to prevent inequitable or unjust results is cognizable in equity. *American Ins. Co.* v. *Mountain Home School Dist. No. 9*, 300 Ark. 547, 780 S.W.2d 557 (1989); *Myers* v. *Hobbs*, 195 Ark. 1026, 115 S.W. 880 (1938). In fact, the equitable remedy of rescission can only be accomplished in a court of equity. *See Savers Fed., supra.*

Although the ILSFDA allows the plaintiff to bring an action in state court, the federal statute does not supersede the procedural requirements of the state court. The procedural requirements of our equity and law courts must be applied to determine which state court has jurisdiction. "If the remedy sought pursuant to the federal law in an Arkansas court is a traditionally equitable remedy, it must be sought in the only court having jurisdiction to grant it." *Arkansas State Medical Board* v. *Leipzig*, 299 Ark. 71, 770 S.W.2d 661 (1989), *rehearing denied* June 26, 1989, (Newbern, J. dissenting).

In sum, there was no effective tender prior to commencement of the action enabling the Eskolas to proceed at law. Because the circuit court fashioned an equitable remedy the judgment must be reversed with directions to transfer to the chancery court. The remaining points concern issues which have not been

presented to the chancellor; hence, they remain open for purposes of retrial.

Reversed and remanded.