Davis v. Snyder.

JOHN L. DAVIS ET AL V. BENJAMIN T. SNYDER.

FILED JUNE 18, 1895.  No. 4354.

1. **Trial to Court:** WAIVER OF RIGHT TO JURY TRIAL: REVIEW.  Where the record in a civil case shows that a legal action was tried to the court without a jury and the record discloses no protest or objection thereto on the part of a litigant, and no application by him for a jury to try the issues, this court will presume that a jury was waived.

2. **Record for Review.**  In reviewing cases in this court the transcript filed here is the sole, conclusive, and unimpeachable evidence of the proceedings in the district court.  (*Chadron Banking Co. v. Mahoney,* 43 Neb., 214.)

3. **Alteration of Instruments:** EVIDENCE: REVIEW.  Action of replevin for property covered by a chattel mortgage, brought by an indorsee before maturity of the note which the mortgage was given to secure.  Defense, the note had been materially altered after its execution and delivery without the knowledge or consent of the maker.  Evidence examined, and *held* to support the finding of the court in favor of the maker of the note.

ERROR from the district court of Sherman county. Tried below before HAMER, J.

*Darnall, Kirkpatrick & Scott* and *A. A. Kendall,* for plaintiffs in error.

*Aaron Wall* and *Nightingale Bros., contra.*

RAGAN, C.

This is an action of replevin brought by John L. Davis against Benjamin T. Snyder in the district court of Sherman county.  Davis claimed to have a special ownership in and to be entitled to the property replevied by virtue of a chattel mortgage made thereon by Snyder to one Hogue on the 21st of May, 1888, to secure a note of $406.78 with interest, due seven months after date, made and delivered by Snyder to Hogue and by him transferred

to Davis in the ordinary course of business for a valuable consideration before due. Snyder's defense to the action was that on the 21st of May, 1888, he had given a note to Hogue for the sum of $106.78 and pledged the property replevied by a chattel mortgage to Hogue to secure that note and interest, and that the note and mortgage had been materially altered without his knowledge or consent after their execution and delivery by him to Hogue in this: That the word "one" in the note and mortgage had been erased and the word "four" written in its place, thus making the note and mortgage read $406.78 instead of $106.78 as originally written and delivered. There was a trial to the court without a jury, with a finding and judgment in favor of Snyder, to reverse which Davis has prosecuted to this court a proceeding in error. Two points are made in this case:

1. It is first argued by Davis that the court erred in depriving him of the right of trial of the issues made by the pleadings to a jury. Of course this was a legal action, and for the trial of the issues made by the pleadings either party was entitled to a jury. (Sec. 6, art. 1, Constitution, 1875; sec. 280, Code of Civil Procedure.) But the record does not disclose that Davis demanded a jury to try the issues of this case. Where the record in a civil case shows that a purely legal action was tried to the court without a jury, and the record discloses no protest or objection thereto on the part of a litigant and no application by a litigant for a jury to try the issues, this court will presume that a jury was waived. Again, the record in this case affirmatively shows that the case came on to be heard on the 7th of December, 1889, on the petition of Davis and the answer of Snyder, "parties present in court with their attorneys, and a jury being waived, was submitted to the court," etc. This record imports absolute verity. In reviewing cases in this court the transcript here filed is the sole, conclusive, and unimpeachable evidence of the proceedings in the

district court. (IRVINE, C., in *Chadron Banking Co. v. Mahoney*, 43 Neb., 214.)

2. The second assignment is that the finding of the district court is not supported by sufficient evidence. This finding was based on conflicting testimony. Hogue and his wife testified on the trial for Davis that neither the note nor mortgage had been altered; that Snyder on the 21st of May, 1888, was indebted to Hogue in the sum of $406.78; that as an evidence of that debt he executed the note for that amount in question in this case, and to secure it executed and delivered the chattel mortgage in question. On the other hand Snyder positively swears that on the 21st of May, 1888, he already owed Hogue $406.78, and on that date paid him $300, and executed a note to him for $106.78 and secured it by a chattel mortgage; that the note and mortgage executed were the ones put in evidence in this case, and that they had been changed so as to read $406.78, etc. There was some other evidence on behalf of both Davis and Snyder which tended to corroborate their respective theories. In addition to these, "experts," so called, testified to the question whether the note showed that the word "one" had originally been written in it, that erased and the word "four" written in its place. The opinion of these experts, as is usual, tended to support the theories of the party calling them. In the bill of exceptions filed in this court we have not the original note and mortgage which were before the district judge. We have only type-written copies, and therefore are deprived of the privilege of entering the lists and competing with the experts who testified below. With the evidence in this condition we cannot say that the finding of the district court, that the note and mortgage had been materially altered after their execution and delivery, and without the knowledge or consent of Snyder, is not supported by sufficient evidence. The judgment must be, and is,

AFFIRMED.