Lett v. Hammond.

JOHN LETT ET AL. V. CHARLES HAMMOND.

FILED DECEMBER 6, 1899.   No. 9,062.

1. **Right to Jury Trial.** In a law action a party is entitled to a jury trial as a matter of right.

2. **Nature of Action: PLEADING.** The nature of an action, whether legal or equitable, is determinable from its main object as disclosed by the averments of the pleading and the relief sought.

Lett v. Hammond.

3. ———: JURY TRIAL. A law action is not triable without a jury because there are issues incidental to, or elemental of, the main one which are equitable in their nature.

4. ———: ———. The hearing and favorable determination of a motion to transfer a cause to the equity docket of a court, and that it is placed on such docket, do not necessarily decide the right of the party opponent to the motion to a jury trial in a law action. If a demand for a jury is proffered at or prior to the time the case is called for trial, its denial is error.

5. ———: ———. The refusal of a demand for a jury trial in the case at bar *held* an error which calls for a reversal of the judgment.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Stewart & Munger* and *N. V. Harlan,* for plaintiffs in error.

*Lamb & Adams, contra.*

HARRISON, C. J.

In this action, commenced by plaintiffs in error in the district court of Lancaster county, it was alleged for cause that the defendant and plaintiffs had entered into a contract, in accordance with the terms of which the defendant was to, and did, purchase at judicial sale a quarter section of land situate in York county, this state. The title, as it was stipulated it should be, was taken in the name of John H. Gunsolus. It was also pleaded that it was of the further conditions of the contract that the defendant should enter into possession of the farm, manage or lease and, if opportunity offered, sell it, and account and pay to plaintiffs any sum of the consideration received which remained after payment of certain liens existent against the land; also, for improvements made on the farm while in defendant's care, and the adjustment of other matters noticed in the contract. It was pleaded that the defendant had violated the contract, had realized from the sale of the land a considerable sum,

which, by an observance of the agreement, was due the plaintiffs, and for which they prayed a judgment. Issues were joined, and a motion was made for defendant that the cause be transferred to the equity docket of the court, on the ground that it involved an accounting, which motion, on hearing, was sustained, and the case was ordered placed on the equity docket of the court. To this order the plaintiffs excepted. When called for trial the plaintiffs demanded a jury, which request was denied, as having been an element of the consideration on the hearing of the motion to docket the suit as an equitable one, and then passed upon by a judge other than the one before whom the case had been called for trial. The trial progressed without a jury, and resulted in a finding that the contract, upon which the suit was predicated, had been made (its existence had been put in issue by the answer); also, that, prior to the sale of the land, upon which sale the claim of plaintiffs was based, the farm had been sold to the wife of the defendant, and insufficient money realized therefrom to wholly pay the liens against the land, and other matters which were to be satisfied before plaintiffs could assert any right to any of the proceeds of the sale. The sale to the wife was one of the things elemental of the whole transaction between plaintiffs and defendant, the true character of which was made, by the pleadings, an issuable fact. Conformable to the finding that there was no excess or surplus of the proceeds of the sale of the land to Mrs. Hammond, judgment was rendered against the plaintiffs.

In an error proceeding to this court it is of the assignments that the trial court erred in its denial of the plaintiffs' demand for a jury to try the cause. In a strictly law action a party is entitled to a jury trial as a matter of right. See Constitution, art. 1, sec. 6; Code of Civil Procedure, sec. 280; *Mills v. Miller*, 3 Nebr., 94; *Lamaster v. Scofield*, 5 Nebr., 148. It is urged for defendant that there were issues in the case which were in their nature equitable. If so, they were but incidental to the main

one, which was purely legal. The relief sought was the recovery of money asserted to be due because of a breach of the contract. No equitable relief was asked. With such prevailing conditions of the issues the plaintiffs had a right to a jury trial. See *Yeager v. Exchange Nat. Bank*, 52 Nebr., 321; *Ashley v. City of Little Rock*, 19 S. W. Rep. [Ark.], 1058; *Cole v. Mettee*, 47 S. W. Rep. [Ark.], 407.

It is asserted for defendant that, when the cause was, on motion of defendant, placed on the equity docket, it necessarily settled the question of the right of a trial to a jury. With this view we can not agree. When the case was called for trial, or prior thereto, the plaintiffs, not having waived their rights to have the issues submitted to a jury, or been denied a jury trial, could demand it on whatever docket the case appeared.

It is urged for defendant that the court determined all the issues in favor of the plaintiffs as to which a jury trial could have been demanded, and this being true the error, if any, in the refusal of such a trial was without prejudice to the rights of complainant. It has been said by the supreme court of Iowa: "Where the evidence would have warranted the court in directing the verdict, error in ordering it tried to the court is not ground for reversal." See *Garretson v. Ferrall*, 61 N. W. Rep. [Ia.], 251. But this question need not be decided at this time. The action was one at law. The main and all the incidental or elemental issues were properly herein triable to a jury, and at least one that was very material was determined against the plaintiffs; and further, on the whole evidence, we can not say that fair and reasonable minds might not as to this issue have disagreed.

It was error to refuse a jury trial. The judgment must be reversed, and the cause remanded.

REVERSED AND REMANDED.