LUCINDA STORM, APPELLANT, V. JOHN CHRISTENSON, APPEL-
LEE.

FILED JANUARY 2, 1936. No. 29414.

*Arthur J. Denney,* for appellant.

*Rain & Rain, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Paine and Carter, JJ.

Eberly, J.

This is an action for damages for personal injuries sustained by the appellant (hereinafter referred to as plaintiff), caused by an automobile collision in the intersection of E and Ninth streets in the city of Fairbury, Nebraska. The automobile in which plaintiff was riding was struck by a car driven by defendant's daughter and overturned, resulting in the damages for which plaintiff seeks recovery. There was a trial to a jury, verdict and judgment for defendant, and from the order of the trial court denying her motion for a new trial, plaintiff appealed.

The collision occurred on January 23, 1933, at approximately 4:20 p. m. All witnesses agree that it was a bright, clear day. E street slopes to the south and Ninth street to the westward at the point in question. At the northeast corner of this intersection, facing approaching travel from the east on Ninth street, is a "stop sign." Immediately preceding the collision, plaintiff, as a passenger and guest in an automobile then driven by one Renshaw, was proceeding southward over E street, and the car then driven by the daughter of defendant was coming westward over Ninth street. The front fender of defendant's car came in contact with the left rear fender of the car in which plaintiff was riding, at a point some 3 or 4 feet west of the center of this intersection. From this contact the damages in suit resulted. The testimony on behalf of the plaintiff is, in substance, that the car in which she was riding was traveling at not to exceed 15 miles an hour, was the first to enter the intersection, and had the right of way, particularly so because of the nature of E street at the point of the collision, it being a public highway on which north and south traffic, by city ordinance, had priority over the traffic passing over Ninth street; and that defendant's car failed to stop at the "stop sign," and entered, and was passing over, the intersection at an excessive and

dangerous rate of speed, resulting in a collision occasioning the injuries in suit.

However, the evidence of plaintiff was met with testimony on behalf of defendant which contradicted it at almost all material points. It is, in substance, that, looking northward along E street for the distance of a city block from the "stop sign," the entire street is in plain view to the intersection of E and Tenth streets. To the north, beyond this intersection of E and Tenth streets, an automobile proceeding south on E street, due to the configuration of the terrain, cannot be seen from the intersection of Ninth and E streets. The evidence of three witnesses is that the defendant's automobile came to a stop at the "stop sign" as required; that they looked northward along E street, and no car was in sight; that the driver of defendant's car shifted to "intermediate," and then entered the intersection at a rate of speed not exceeding 6 or 7 miles an hour, and that in that period of time, viz., 7 seconds, plaintiff's automobile must have passed over the intersection at E and Tenth streets, one block away, come into view of the scene of the accident, traversed the intervening distance, and reached the point of impact. On the basis of the express testimony of defendant's witnesses, and the logical and necessary deductions therefrom, as well as the physical facts involved, the jury were justified, if believing such evidence, in finding that the plaintiff was traveling at the rate of approximately 30 miles an hour just preceding the collision. There is also evidence in the record that plaintiff's driver, immediately after the accident, admitted that, on seeing defendant's car in the intersection, he "stepped on the gas" in an attempt to pass in front of it, which action resulted in the collision in suit. True, this is denied by the driver.

But, obviously, these disputed questions of fact were for the jury to determine, and whatever might have been the conclusion of this court, were it vested with the power of determining facts, we are confronted with the condition that this function is, under our Constitution, to be dis-

charged by the jury. In the record before us, we find ample evidence which sustains the jury's conclusion. There is no question of contributory negligence in this case. It is solely a question of proximate cause. Defendant's evidence, if worthy of belief, fairly establishes that the negligence of plaintiff's driver constituted the proximate cause.

, We have carefully considered the other assignments of error, but do not find that in any material degree the trial court erred.

It follows that ample evidence in the record supports the verdict of the jury returned herein, and, no affirmative errors appearing, the judgment of the trial court must be

AFFIRMED.