"JANE DOE," APPELLANT, V. JAN J. GOLNICK, M.D., AND JAN J. GOLNICK, M.D., P.C., APPELLEES.

556 N.W.2d 20

Filed December 6, 1996.   No. S-94-913.

James E. Harris, Timothy K. Kelso, and Britany S. Shotkoski, of Harris, Feldman Law Offices, for appellant.

Gregory M. Thomas and Kelly K. Brandon, of Sodoro, Daly & Sodoro, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

Plaintiff, "Jane Doe," filed a malpractice action against defendants, Jan J. Golnick, M.D., and Jan J. Golnick, M.D., P.C., for monetary and emotional damages she allegedly suffered as a result of Golnick's unprofessional conduct while she was Golnick's patient. Defendants moved for summary judgment. The district court granted summary judgment in defendants' favor and ordered plaintiff's amended petition dismissed with prejudice. Plaintiff appealed the decision to the Nebraska Court of Appeals, which reversed the district court's decision. Defendants petitioned this court for further review.

On December 7, 1993, plaintiff, by amended petition, commenced a malpractice action against defendants in the district court for Sarpy County. Plaintiff had been a patient of Golnick's from July 1990 to November 1992. Golnick allegedly initiated a sexual relationship with plaintiff during this time. Plaintiff alleged that Golnick prescribed and administered mind-altering drugs to her, which diminished her mental capacity and compelled her to be completely dependent upon him. Plaintiff further alleged that as a result of Golnick's medical negligence, she had twice become pregnant, sustained physical and emotional pain, suffered lost earnings and loss of earning capacity, and suffered a loss of enjoyment of life. Plaintiff claimed that Jan J. Golnick, M.D., P.C., was liable for the negligence of its employee, Golnick, under the doctrine of respondeat superior.

In their answer, defendants denied plaintiff's allegations of malpractice. In addition, defendants affirmatively alleged that Golnick followed the proper standard of care when dealing with plaintiff, that plaintiff's claim was barred by the doctrine of accord and satisfaction, and that plaintiff waived any claims she may have had against defendants when she signed an "Agreement And Mutual Release" on February 5, 1993. As stated in the agreement, it was the intent of the parties, through the release, to "include, settle, and release any claim whatsoever, regardless of whether denominated personal or profes-

sional, between the parties." Plaintiff received $75,000 for releasing defendants of all claims.

Plaintiff filed a reply, in which she denied the allegations and affirmative defenses in the answer. Plaintiff also alleged that the release was void, and thus unenforceable, because it was procured as a result of undue influence, duress, and fraud; it violated federal law; plaintiff was incompetent at the time the agreement was executed; and there was a lack of adequate consideration. Plaintiff argued alternatively that if the release was not void, it extended only to claims arising from the personal and social relationship of plaintiff and Golnick.

Defendants requested that plaintiff return the $75,000 she had received. However, plaintiff failed to comply with the request and stated in her deposition, which was submitted during the summary judgment hearing, that the money had already been spent.

Defendants moved for summary judgment, arguing that there was no factual dispute as to whether their affirmative defenses of accord and satisfaction and execution of a release prohibited plaintiff from pursuing her malpractice action. A hearing was held and evidence was offered. On September 22, 1994, the district court found in favor of defendants and ordered the amended petition dismissed with prejudice. The court found that (1) the release constituted an accord and satisfaction of all claims plaintiff may have had against defendants; (2) it was not void or violative of public policy; (3) it was not procured by fraud; (4) it was not the product of duress, threats, or undue influence; and (5) plaintiff was competent to execute the release. The court also found that plaintiff failed to tender the $75,000 and, therefore, was further barred from maintaining her action. Plaintiff appealed to the Court of Appeals.

The Court of Appeals disagreed with the district court's findings. According to the Court of Appeals, there existed material disputed facts as to plaintiff's mental capacity to contract, the existence of duress at the time the release was executed, and the propriety and timing of tender of the $75,000 by plaintiff. In a memorandum opinion and judgment on appeal filed March 29, 1996, the Court of Appeals reversed the district court's decision

and remanded the cause for further proceedings. Defendants filed a petition for further review on April 29, 1996.

Defendants contend that the Court of Appeals erred in (1) holding that there was a genuine issue as to any material fact with regard to whether plaintiff was barred by the doctrine of accord and satisfaction from bringing the suit and (2) reversing the trial court's grant of summary judgment in favor of defendants.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts, and that the moving party is entitled to judgment as a matter of law. A reviewing court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Polinski v. Omaha Pub. Power Dist., ante* p. 14, 554 N.W.2d 636 (1996).

We find particularly troublesome in this case that plaintiff has failed to tender the $75,000 she received under the release. When a person seeks to avoid the effect of a release because it is either void or voidable, he or she must first restore or offer to restore whatever he or she has received for executing the release. See, *Davy v. School Dist. of Columbus*, 192 Neb. 468, 222 N.W.2d 562 (1974); *Aron v. Mid-Continent Co.*, 143 Neb. 87, 8 N.W.2d 682 (1943). In other words, the person must place the parties in the positions they were in prior to the execution of the release.

This rule is not absolute. Restoration is a condition precedent in a case where rescission is by act of the party or a legal rescission. Restoration is not a condition precedent, however, in a case involving equitable rescission; that is, an action to obtain a decree of rescission. *Kracl v. Loseke*, 236 Neb. 290, 461 N.W.2d 67 (1990).

In the instant case, plaintiff brought an action at law for damages incurred as a result of defendants' alleged negligence. Plaintiff's equitable claim, namely that the release must be rescinded because it is void, did not arise until after defendants

had alleged in their answer that plaintiff's action was barred by the release.

A similar situation has been addressed by the Michigan Supreme Court. In *Stefanac v Cranbrook Ed Comm*, 435 Mich. 155, 458 N.W.2d 56 (1990), plaintiff filed suit against her previous employer alleging wrongful discharge, sex discrimination, and termination in violation of public policy. Subsequently, defendant filed a motion for accelerated judgment and an answer arguing that a release signed by plaintiff barred her claims. In response to defendant's motion, plaintiff filed an affidavit challenging the validity of the release.

Upon review, the Michigan Supreme Court addressed the issue of whether plaintiff, before commencing a suit which disregards the terms of a release, must tender consideration recited in the release. The Michigan Supreme Court held that "the tender rule . . . requires that whenever a legal claim is raised in contravention of a settlement agreement, even if joined with an equitable claim, tender is a precondition." *Id.* at 170, 458 N.W.2d at 63.

We adopt the rule as set out in *Stefanac* and hold that in the instant case, prior to filing her action, plaintiff was required to tender to defendants the $75,000 she received for signing the release. The evidence demonstrates that plaintiff not only failed to tender the $75,000 after being requested by defendants to do so, but also demonstrates that plaintiff has given no indication whether such a tender could be made due to the fact that the money has already been spent. Thus, as a matter of law, plaintiff is barred from maintaining a negligence claim against defendants.

The judgment of the Court of Appeals is reversed, and the judgment of the district court is reinstated.

REVERSED.

LANPHIER, J., participating on briefs.