RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0279p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

MELISSA WILSON; JOSH WILSON; THE
ESTATE OF NICHOLAS HUNTER WILSON,
                  *Plaintiffs-Appellants,*

      *v.*

BIG SANDY HEALTH CARE, INC., d/b/a
PHYSICIANS FOR WOMEN; ANGELA K.
MAGGARD, M.D.; JOANNA SANTIESTEBAN,
M.D.; UNKNOWN DEFENDANTS,
                  *Defendants-Appellees.*

No. 08-5746

————————————

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 07-00152—Gregory F. Van Tatenhove, District Judge.

Argued: March 10, 2009

Decided and Filed: August 11, 2009

Before: BATCHELDER, DAUGHTREY, and MOORE, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** H. Michael Lucas, MILLER KENT CARTER & MICHAEL LUCAS, PLLC, Pikeville, Kentucky, for Appellants. Jeffrey A. Clair, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** H. Michael Lucas, MILLER KENT CARTER & MICHAEL LUCAS, PLLC, Pikeville, Kentucky, for Appellants. Jeffrey A. Clair, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

————————————

## OPINION

————————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. Following the removal of this medical malpractice action to federal court from the state courts of Kentucky, the district

judge granted motions filed by the defendants, Big Sandy Health Care, Inc., Angela K. Maggard, M.D., and Joanna Santiesteban, M.D., to substitute the United States of America as the sole party defendant and to dismiss this action for failure to exhaust administrative remedies. The plaintiffs, Melissa Wilson, Josh Wilson, and the Estate of Nicholas Hunter Wilson, now appeal those rulings, contending that the district court decision deprived them of their right under the Seventh Amendment to the United States Constitution to a trial by jury and that, in any event, the plaintiffs were entitled to advance notice from the defendants that the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, was the exclusive remedy for the malpractice claims alleged. We find no basis upon which to disturb the judgment of the district court, and we therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

For approximately 35 years, Big Sandy Health Care has operated as a non-profit medical clinic in an historically underserved area of Eastern Kentucky. *See Wilson v. Big Sandy Healthcare, Inc.*, 553 F. Supp.2d 825, 830 (E.D. Ky. 2008). From March 17, 2005, through March 29, 2006, plaintiff Melissa Wilson contracted with the clinic for provision of prenatal and obstetric care by defendants Maggard and Santiesteban, and on May 25, 2006, Melissa Wilson gave birth to a son, Nicholas Hunter Wilson. Tragically, however, Nicholas suffered from alobar holoprosencephaly, a severe birth defect that caused the baby's death less than three weeks later.

Melissa Wilson, her husband Josh, and the estate of Nicholas Wilson then filed suit against Big Sandy Health Care, Inc., and against Doctors Maggard and Santiesteban, contending that the defendants failed to perform and interpret properly various prenatal genetic tests that would have revealed little Nicholas's defect. According to the plaintiffs' complaint, had the family been made aware of the existence of the severe defect, the mother and father would have terminated the pregnancy. Because the defendants did not inform Wilson of the existence of the defect, however, the plaintiffs assert that they all experienced mental and physical pain and suffering and incurred otherwise unnecessary medical and hospital expenses.

The defendants removed the matter to federal district court, attaching to the notice of removal a certification that "the Defendants, Angela K. Maggard, M.D.[,] and Joanna

Santiesteban, M.D., were acting within the scope of their employment as employees of [ ] Big Sandy Health Care, Inc., at the time of the incident and are therefore deemed to be [ ] Public Health Service Officers or employees." Pursuant to the provisions of the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233, the district judge concluded that the defendants had "federal employee" status and had, therefore, consented to be sued only in accordance with the limited waiver of immunity contained in the Federal Tort Claims Act. *See Wilson*, 553 F. Supp.2d at 828-29. Because that statutory framework requires the plaintiffs to seek administrative relief as a prerequisite to federal court proceedings, and because the plaintiffs conceded that they did not first pursue such administrative channels, the district court dismissed the plaintiffs' claims without prejudice. The plaintiffs now appeal, raising issues centered around the alleged deprivation of their Seventh Amendment right to trial by jury.

## DISCUSSION

The right of an individual to be tried by a jury of peers was deemed so important by the nation's founders that the Bill of Rights contained explicit reference to the principle. In the Seventh Amendment to the United States Constitution, the drafters provided:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

The phrase "common law," does not, however, mean "merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Curtis v. Loether*, 415 U.S. 189, 193 (1974) (quoting *Parsons v. Bedford*, 3 Pet. 433, 446-47 (1830) (emphasis in original)). Federal courts faced with a claim of entitlement to a jury trial thus must first "compare the case at issue to '18th-century actions brought in the courts of England prior to the merger of the courts of law and equity,'" *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)), and then "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.*

Focusing on the likelihood that lawsuits seeking compensation for injury to person or property were recognized at common law, the plaintiffs first argue that they are entitled to a jury trial in this matter. The defendants, relying upon the provisions of 42 U.S.C. § 233, insist, however, that this action is actually a claim against the United States and that, "[a]s sovereign, the United States is immune from suit, unless it waives this immunity and consents to suit." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). Indeed, "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Furthermore, "[b]y extension, sovereign immunity also protects the officers and agents of the United States from suit in their official capacities." *Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 820.

Moreover, even in those instances in which Congress has chosen to waive the government's immunity from suit, "the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued,'" and where the right is expressed in clear and unequivocal terms. *Lehman*, 453 U.S. at 161 (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Rarely, however, does legislation contain the necessary clear expression of a right to a trial by jury. As the Court noted in *Lehman*, a waiver of sovereign immunity "has almost always [been] conditioned . . . upon a plaintiff's relinquishing any claim to a jury trial." *Id.* at 161. For example, "in tort actions against the United States, *see* 28 U.S.C. § 1346(b), Congress has . . . provided that trials shall be to the court without a jury, 28 U.S.C. § 2402," in part due to fear of excessive verdicts resulting from jurors' recognition of the Government's deep financial pockets. *Id.*

Thus thwarted in their primary assertion that they were constitutionally entitled to a jury trial in this matter, the plaintiffs alternatively concede that the United States, as sovereign, may avoid jury trials in tort actions but contend that the defendants in this action are not in fact representatives of the federal government and – as private citizens and private entities – are not subject to the same constitutional limitations and mandates. This contention plainly has no merit.

Pursuant to the provisions of 42 U.S.C. § 254b(c)(1)(A), the government "may make grants to public and nonprofit private entities for projects to plan and develop health centers

which will serve medically underserved populations." In part due to the relatively high cost of obtaining malpractice insurance for treatment of such high-risk patients, however, the efforts to provide necessary medical care in such underserved areas initially faced significant roadblocks. To alleviate the financial burden on the medical providers, Congress passed the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233, through which practitioners at certain health centers providing necessary medical services "shall be deemed to be . . . employee[s] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A). By virtue of being "deemed" federal employees, personal injury, negligence, and malpractice suits against such individuals and centers are circumscribed by the limitations imposed by the Federal Tort Claims Act. *See* 42 U.S.C. §§ 233(g)(1)(A) and 233(a).

In order for medical centers and caregivers to qualify for these protections, the Attorney General is first required to advise the court within 15 days of the filing of any malpractice action in state court that the named defendant or defendants are deemed to be Public Health Service employees and that such "employees" were acting within the scope of their employment. *See* 42 U.S.C. §§ 233(l)(1) and (c). After the certification has been filed, the Attorney General is then required to remove the action to federal district court, where it is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c). Because, under the relevant provisions of 28 U.S.C. § 2402, "any action against the United States under section 1346 shall be tried by the court without a jury," the district court in this matter correctly concluded that the plaintiffs were not entitled to a jury trial and were otherwise required to comply with Federal Tort Claims Act prerequisites.

In similar circumstances, the United States Supreme Court arrived at the same conclusion. The plaintiff in *Osborn v. Haley*, 549 U.S. 225 (2007), filed suit against an employee of the United States Forest Service alleging tortious interference with an employment relationship. Under the authority of the Westfall Act, 28 U.S.C. § 2679(b)(1), the Attorney General certified that Haley, the Forest Service employee, had been acting within the scope of his employment when the alleged wrongdoing occurred. *See Osborn*, 549 U.S. at 230-31. Consequently, upon the filing of the certification, the case was removed from state court to federal court, and the United States was substituted for Haley as the named defendant, thus negating Osborn's right to request a jury trial. *See id.* at 234.

Because the action was "deemed to be . . . brought against the United States," 28 U.S.C. §§ 2679(d)(1)-(3), and because the Seventh Amendment does not apply to suits against the sovereign, the Court held that Osborn had no right to a jury trial, at least unless and until the federal courts determined "that the federal officer originally named as defendant was acting outside the scope of his employment." *Osborn*, 549 U.S. at 252.

Before this court, the plaintiffs recognize the precedential authority of *Osborn*. They maintain, however, that *Osborn* is of limited utility in determining whether the Wilsons have a constitutional right to a jury trial on their claims because the defendants in this case, unlike the defendant in *Osborn*, are not true federal employees, but are only "deemed to be" federal employees. Whether defendants are actual federal employees or are only deemed by statute to be federal employees is, however, irrelevant in this context. As the United States Court of Appeals for the First Circuit stated in *Hammond v. United States*, 786 F.2d 8, 15 (1st Cir. 1986):

> If the United States can abolish the right to a cause of action altogether[,] it can also abolish the right to a jury trial that is part of it. When the United States abolishes a cause of action and then sets up a separate administrative remedy against itself, as it has here, the seventh amendment does not require that it must also provide a jury trial.

In *Hammond*, the plaintiff challenged the application of a federal statute that called for substituting the United States as a defendant "in all suits against private contractors to the government for radiation injuries arising from any of the United States atomic weapons testing programs, and mak[ing] the Federal Tort Claims Act . . . the sole remedy for those injuries." *Id.* at 9. Noting that other courts had upheld the constitutionality of similar provisions in other statutes, *see Jones v. Wyeth Labs., Inc.*, 583 F.2d 1070, 1070-71 (8th Cir. 1978) (Swine Flu Act); *Ducharme v. Merrill-National Labs.*, 574 F.2d 1307, 1311 (5th Cir. 1978) (same); *Sparks v. Wyeth Labs., Inc.*, 431 F. Supp. 411, 418 (W.D. Okla. 1977) (same); *Nistendirk v. McGee*, 225 F. Supp. 881, 882 (W.D. Mo. 1963) (personal injury claim against postal worker), the First Circuit found no impediment to requiring compliance with Federal Tort Claims Act procedures under the statute at issue. *See Hammond*, 786 F.2d at 15. Similarly in this case, Congress acted well within its power in choosing to accord governmental benefits to healthcare providers in underserved population centers. The

legislative branch also was empowered to direct how suits could be prosecuted against those entities doing the work of the federal government by providing goods and services.

Additionally, even if the provisions of 42 U.S.C. § 233 had not functioned in such a manner as to treat the Wilsons' causes of action as claims that must be brought in conformity with the Federal Tort Claims Act, the Seventh Amendment would have guaranteed the plaintiffs no rights in their state court litigation. As noted by the Supreme Court in *Osborn*, the Seventh Amendment "is inapplicable to proceedings in state court." *Osborn* 549 U.S. at 252 n.17. The provisions of 42 U.S.C. § 233 did not, therefore, deprive the plaintiffs of any constitutionally-guaranteed right to a trial by jury.

The plaintiffs also submit that, even if 42 U.S.C. § 233 is constitutional, they were entitled to advance written notice under 42 U.S.C. § 233(o)(2)(E) "of the extent to which the legal liability of the health care practitioner is limited pursuant to [the applicable statutory scheme]." This argument is patently without merit, however. By its very terms, § 233(o) applies only to "[v]olunteer services provided by health professionals at *free clinics*." (Emphasis added.) Because Big Sandy Health Care, Inc., is not a free clinic, and because no other provision of § 233 applicable to facilities that charge fees for services requires such advance notice, the defendants in this case did not violate any relevant notice provision.

## *CONCLUSION*

The Seventh Amendment's guarantee of trial by jury has consistently been interpreted by the federal courts in such a manner as to be inapplicable both in state court actions and in claims against the federal government. Because the Attorney General, exercising authority granted by Congress, has seen fit to accord the defendants in this case the status of federal employees, thus allowing for the substitution of the United States as the sole defendant in this action originating in state court, the plaintiffs have no constitutional recourse for the bench-trial mandate of the applicable statutes. Furthermore, those portions of 42 U.S.C. § 233 applicable to these plaintiffs do not impose upon the healthcare providers a duty to provide advance notice to patients about possible statutory limitations in malpractice actions. For these reasons, we AFFIRM the judgment of the district court substituting the United States as the sole defendant and dismissing the plaintiffs' complaint without prejudice.