[6] Clear and convincing evidence means the amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved and, further, that it is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. *In re Interest of Eden K. & Allison L.*, 14 Neb. App. 867, 717 N.W.2d 507 (2006). We conclude that the juvenile court did not commit plain error in finding that there was not clear and convincing evidence that termination of Shawna's parental rights was in Sylissa's and Justine's best interests.

## CONCLUSION

For the foregoing reasons, we affirm the juvenile court's order.

Affirmed.

———————

Michael L. Jacobson, Special Administrator of the Estate of Virginia A. Jacobson, deceased, and Myron J. Jacobson, appellants, v. Sherry K. Shresta, M.D., and Gaston Cornu-Labat, M.D., appellees.

___ N.W.2d ___

Filed July 25, 2014. No. S-11-438.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2. **Constitutional Law: Jury Trials.** The guaranty of a jury trial is part of Nebraska's fundamental law, but Neb. Const. art. I, § 6, preserves the right to a jury trial as it existed under the common law when the Nebraska Constitution was adopted in 1875.
3. **Negligence: Jury Trials.** Negligence and personal injury actions are actions at law that are tried by a jury under the common law.
4. **Constitutional Law: Jury Trials: Waiver.** A waiver of a jury trial in district court is statutorily governed by Neb. Rev. Stat. § 25-1126 (Reissue 2008), because it sets reasonable limits on a constitutional right.
5. **Jury Trials: Waiver.** In district court, a party's waiver of a jury trial occurs only if a court determines that one of three circumstances under Neb. Rev. Stat. § 25-1126 (Reissue 2008) applies.
6. **Immunity: Legislature: Waiver: Political Subdivisions: Torts.** The Legislature has the right to decide the terms under which it will waive its sovereign and governmental immunity for tort actions against the State or its political subdivisions.

7. **Immunity: Political Subdivisions: Public Officers and Employees.** The common-law doctrine of governmental immunity applies to a political subdivision's employees who are acting within the scope of their employment.
8. **Immunity: Legislature: Waiver: Appeal and Error.** Because the Legislature has determined when and how it will waive the State's sovereign and governmental immunity, an appellate court will find a waiver of such immunity only where stated by express language or clear implications.
9. **Political Subdivisions Tort Claims Act: Immunity: Jury Trials: Waiver.** Because a jury trial is not one of the terms of its waiver of governmental immunity under Political Subdivisions Tort Claims Act, a party is not entitled to a jury trial on its claim that a defendant is not a political subdivision employee.

Petition for further review from the Court of Appeals, Sievers, Pirtle, and Riedmann, Judges, on appeal thereto from the District Court for Sheridan County, Randall L. Lippstreu, Judge. Judgment of Court of Appeals affirmed.

Christopher P. Welsh and James R. Welsh, of Welsh & Welsh, P.C., L.L.O., for appellants.

Mark A. Christensen, Tracy A. Oldemeyer, Cristin McGarry Berkhausen, and Elizabeth A. Tiarks, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees.

Heavican, C.J., Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

Connolly, J.

## SUMMARY

Virginia A. Jacobson (Virginia) was admitted to Gordon Memorial Hospital after she began coughing while eating a piece of meat. On March 29, 2003, Sherry K. Shresta, M.D., admitted her, and Gaston Cornu-Labat, M.D., performed an esophagogastroscopy. During the procedure, Virginia "coded." A piece of meat was found in her throat and suctioned out; a subsequent x ray showed aspiration pneumonia. After remaining under the care of Shresta and Cornu-Labat (collectively the defendants) for the next 3 days, Virginia died from complications. Virginia's husband and the special administrator for her estate (collectively the Jacobsons) filed a wrongful death action against the defendants in the district court for Sheridan County.

The defendants subsequently filed a motion to bifurcate. The threshold issue was whether the defendants were employees of the hospital. The parties stipulated that the hospital was a political subdivision and that the Jacobsons did not comply with the 1-year statute of limitations for presenting a claim under the Political Subdivisions Tort Claims Act (PSTCA).[1] So, if the defendants were hospital employees, the PSTCA barred the Jacobsons' action.

Before hearing the bifurcated employment issue, the court rejected the Jacobsons' claim that they were entitled to a jury trial. On the employment issue, the court found that the defendants were employees. It dismissed the Jacobsons' complaint. On appeal, the Nebraska Court of Appeals determined that the Jacobsons had waived their right to a jury trial and affirmed the trial court's decision.[2] The Jacobsons seek further review.

We conclude that the Jacobsons, by their silence, could not have waived their right to a jury trial. Nevertheless, because we conclude that the Jacobsons did not have a right to have a jury decide whether the defendants were political subdivision employees, we affirm.

## BACKGROUND

The record shows that the trial court heard the defendants' motion for a bifurcated bench trial in a telephonic hearing. Although the Jacobsons argued that they objected to a bench trial at this hearing, a transcript of the hearing is not part of the record. The record does show, however, that the Jacobsons moved the court to reconsider its ruling and that the court overruled their request. And before the bench trial began, the Jacobsons renewed their objection. They argued that under Neb. Rev. Stat. § 25-221 (Reissue 2008), they were entitled to a jury trial on the employment issue. The district court overruled that objection without comment from the bench.

In rejecting the Jacobsons' assignment that the trial court erred in denying them their right to a jury trial, the Court of Appeals reasoned that the Jacobsons had waived that right:

[1] See Neb. Rev. Stat. § 13-920(1) (Reissue 2012).

[2] *Jacobson v. Shresta*, 21 Neb. App. 102, 838 N.W.2d 19 (2013).

Based on the record before us, we find no objection by the Jacobsons to the defendants' motion to bifurcate before the court ruled on it. . . . The record does not contain any objection by the Jacobsons until after the motion was sustained and the Jacobsons filed a motion to reconsider. Although the Jacobsons state in their brief that they objected to the motion, there is nothing in the record before us to support that contention. We recognize that the Jacobsons "renewed" their objection to the bench trial before trial began, but there is no original objection in the record. Therefore, we are unable to determine whether an original objection was made at all, whether it was timely made, and on what grounds it was made. It is incumbent upon the appellant to present a record supporting errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. . . .

The defendants' motion to bifurcate the employment issue specifically stated that they were requesting a bench trial on the issue. If the Jacobsons believed they were entitled to a jury trial on the issue, they had an opportunity to object and, based on the record before us, did not. Generally, failure to make a timely objection waives the right to assert prejudicial error on appeal. . . . By failing to object to the motion to bifurcate, the Jacobson cannot now challenge the court's ruling.[3]

## ASSIGNMENT OF ERROR

The Jacobsons assign that the Court of Appeals erred in determining that they were not entitled to a jury trial on the bifurcated issue whether the PSTCA barred their medical malpractice claim against the defendants.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[4]

---

[3] *Jacobson, supra* note 2, 21 Neb. App. at 113, 838 N.W.2d at 30-31.

[4] *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

## ANALYSIS

The Jacobsons argue that the trial court denied them their constitutional right to a jury trial and that the Court of Appeals erred in concluding that they had waived this right. They acknowledge that the issue whether the defendants were employees would have been statutorily required to be tried to a court if they had commenced an action against the hospital under the PSTCA.[5] But they argue that because they did not bring their action under the PSTCA, a jury should have decided the issue. They further argue that their conduct did not show a clear and unequivocal intent to waive their right to have a jury decide issues concerning whether the statutory time limitation applied.

The defendants argue that the Court of Appeals' reasoning was correct. Alternatively, they argue that even if the Court of Appeals had reached the merits of the assigned error, the district court did not abuse its discretion in granting a bifurcated bench trial on the employment issue. They contend that the PSTCA required the issue to be tried to the court.

### Right to a Jury Trial and Waiver of the Right

Whether a party waives a right to a jury trial implicates a constitutional right. We now clarify when and how a party waives that constitutional right.

[2,3] Neb. Const. art. I, § 6, provides the constitutional right to a jury trial:

> The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury.

We have held that the guaranty of a jury trial is part of Nebraska's fundamental law.[6] But we have also held that this constitutional provision preserves the right to a jury

---

[5] See Neb. Rev. Stat. § 13-907 (Reissue 2012).

[6] See, *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986); *State ex rel. Simpson v. Vondrasek*, 203 Neb. 693, 279 N.W.2d 860 (1979).

trial as it existed under the common law when the Nebraska Constitution was adopted in 1875.[7] Negligence and personal injury actions are actions at law.[8] At common law, legal claims were tried by a jury and equitable claims were tried by a court.[9]

The issue is whether a plaintiff waives the right to a jury trial by failing to object to a defendant's motion for a bench trial before the court sustains the motion. Under the Court of Appeals' reasoning—despite the Jacobsons' objection to the bench trial before it began—they had already waived their right to a jury trial and could not cure their waiver by objecting before trial. We believe this rule is contrary to Nebraska's statutes related to jury trials. Neb. Rev. Stat. § 25-1104 (Reissue 2008) provides:

> Issues of law must be tried by the court, unless referred as provided in section 25-1129. Issues of fact arising in actions for the recovery of money or of specific real or personal property, *shall* be tried by a jury unless a jury trial is waived or a reference be ordered as hereinafter provided.

(Emphasis supplied.)

Neb. Rev. Stat. § 25-1129 (Reissue 2008) allows a court to refer a matter to a referee with written consent of the parties, and that statute is not at issue here. Section 25-1104 requires a jury trial on issues of fact unless waived.

Neb. Rev. Stat. § 25-1126 (Reissue 2008) governs the circumstances in which a court may find that a party has waived the right to a jury trial:

> The trial by jury may be waived by the parties in actions arising on contract, and with assent of the court in other actions (1) by the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney; (2) by written consent, in person or

---

[7] See, e.g., *Eihusen v. Eihusen*, 272 Neb. 462, 723 N.W.2d 60 (2006).

[8] See, e.g., *Doe v. Golnick*, 251 Neb. 184, 556 N.W.2d 20 (1996); *Starlin v. Burlington Northern, Inc*., 193 Neb. 619, 228 N.W.2d 597 (1975).

[9] *Eihusen, supra* note 7. See, also, *Storm v. Christenson*, 130 Neb. 86, 263 N.W. 896 (1936).

by attorney, filed with the clerk; and (3) by oral consent in open court entered on the journal.

The only statutory exceptions to this waiver list are limited to county court proceedings under Neb. Rev. Stat. § 25-2705 (Reissue 2008). In county court, § 25-2705 requires a demand for a jury trial. If a party makes a timely demand, the trial court has no discretion not to grant the request.[10] But unless a party makes a demand in county court, the statutory right to a jury trial is waived.[11] The only exception to the demand requirement in county court is for misdemeanor cases that carry the possibility of serious punishment.[12]

But there is no comparable statutory demand requirement for proceedings in district courts. Instead, § 25-1126, which was enacted in 1867, seems obviously intended to set reasonable limits on the constitutional guarantee of a jury trial. But despite § 25-1126's clear specification of the manners in which a waiver occurs, our case law is not always clear whether a party can waive a jury trial by failing to demand one. We consider the issue important because it is relevant to whether a party can waive a jury trial by silence. There are only a handful of cases deciding this issue, however, and those cases have not discussed § 25-1126 or its precursors.

We have held that when a party tries a case to the court and the record fails to show that either party protested or objected, we will presume that the parties have waived their right to a jury trial.[13] Similarly, if, during a jury trial, both parties ask the court for a directed verdict without reservation, they have waived the right to a jury trial.[14] Although these cases did not discuss the waiver statute, the facts arguably fell under what

---

[10] See *State ex rel. Simpson, supra* note 6.

[11] See *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987).

[12] See, *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999); *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987).

[13] See *MFA Ins. Companies v. Mendelhall*, 205 Neb. 430, 288 N.W.2d 270 (1980).

[14] See, *In re Estate of Bose*, 136 Neb. 156, 285 N.W. 319 (1939); *Segear v. Westcott*, 83 Neb. 515, 120 N.W. 170 (1909).

is now § 25-1126(3) (waiver "by oral consent in open court entered on the journal").

Some of the cases we decided in the early 1900's could be interpreted as finding a waiver if a party failed to demand a jury trial.[15] In those cases, however, the parties tried the issues to the court without objection and our statements about waiver seem to be dicta because it is not clear that the issue was raised.

Other early cases show that even if a party initially waived a jury trial, it may later reassert this right. For example, even when a party had stipulated to a bench trial, we held that such stipulations are not to be treated as contracts and that the court has discretion to permit an application to withdraw the waiver if it is timely made and has not been acted on to the prejudice of another party.[16] Also, following an appeal, a litigant's previous waiver of a jury trial does not preclude the litigant from demanding a jury trial on remand.[17]

Most important, at least one early case indicates that a waiver of a jury trial will not be inferred from failing to raise the issue before a pretrial ruling that was similar to the ruling in this case. In *Lett v. Hammond*,[18] we held that a plaintiff could demand a jury trial for its contract action even after a defendant had successfully moved the case to the trial court's equity docket, based on the defendant's equitable accounting claim. The trial court had ruled that the plaintiff's demand for a jury trial was decided at the pretrial hearing to docket the case as an equitable suit, but we reversed: "When the case was called for trial, or prior thereto, the plaintiffs, not having waived their rights to have the issues submitted to a jury, or

---

[15] See, *Helming v. Forrester*, 87 Neb. 438, 127 N.W. 373 (1910), *overruled on other grounds, Criswell v. Criswell*, 101 Neb. 349, 163 N.W. 302 (1917); *Mavity v. Stover*, 68 Neb. 602, 94 N.W. 834 (1903); *Davis v. Snyder*, 45 Neb. 415, 63 N.W. 789 (1895).

[16] See *McKinney v. County of Cass*, 180 Neb. 685, 144 N.W.2d 416 (1966).

[17] See *Schumacher v. Crane-Churchill Co.*, 66 Neb. 440, 92 N.W. 609 (1902).

[18] *Lett v. Hammond*, 59 Neb. 339, 80 N.W. 1042 (1899).

been denied a jury trial, could demand it on whatever docket the case appeared."[19]

[4] Although we did not discuss § 25-1126 in deciding most of our waiver cases, a waiver of a jury trial in district court is statutorily governed by § 25-1126, because it sets reasonable limits on a constitutional right. And § 25-1126 provides an exclusive list of the manners in which a waiver occurs. The legal principle of expressio unius est exclusio alterius (the expression of one thing is the exclusion of the others) recognizes the general principle of statutory construction that an expressed object of a statute's operation excludes the statute's operation on all other objects unmentioned by the statute.[20] Notably, California courts hold that a waiver of a jury trial should not be implied where a statute provides an exclusive list of recognized waivers.[21]

[5] Under a rule of exclusivity, unless a party's conduct falls into one of § 25-1126's three categories, we will not find a waiver of a constitutional right. Cases in which the parties tried issues of fact to the court without objection or asked for a directed verdict should be construed as falling into the "oral consent" category of waivers.[22] Such conduct is inconsistent with demanding a jury trial, and the trial court's judgment operates as its assent to the procedure. In contrast, merely failing to object, before trial, to a defendant's request for a bench trial on a bifurcated affirmative defense cannot be oral consent in open court to waive a jury trial. In sum, in district court, a party's waiver of a jury trial occurs only if a court determines that one of three circumstances under § 25-1126 applies. Because none of those circumstances apply here, the Court of Appeals erred in holding the Jacobsons had waived their right to a jury.

---

[19] *Id*. at 342, 80 N.W. at 1043.

[20] *Pfizer v. Lancaster Cty. Bd. of Equal*., 260 Neb. 265, 616 N.W.2d 326 (2000).

[21] See, e.g., *Cohill v. Nationwide Auto Service*, 16 Cal. App. 4th 696, 19 Cal. Rptr. 2d 924 (1993).

[22] See § 25-1126(3).

We next consider whether the Jacobsons had a right to have a jury decide if the defendants were governmental employees.

### The Jacobsons Did Not Have a Right to a Jury Trial to Determine Whether the Defendants Were Employees of a Political Subdivision

In 1875, there was no right to a jury trial on any issue in a suit against the State or its political subdivisions because the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity, operated to bar such suits at that time.[23] The same is true under the Seventh Amendment to the federal Constitution. The U.S. Supreme Court has held that the Seventh Amendment's right to a jury trial in civil cases does not apply to the federal government.[24] So "the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued,'" which term, like the waiver of immunity itself, must be "'unequivocally expressed.'"[25]

The Sixth Circuit has applied this rule in a case raising a similar issue to the one presented here. It determined that the plaintiffs were not entitled to a jury trial on the issue whether the defendants in a medical malpractice action were acting within the scope of their employment.[26] Under a federal statute, employees of specified private health care entities were deemed to be federal employees if the U.S. Attorney General certified to the court that they were acting within the scope of their employment. If the certification was made, the plaintiffs' action was governed by the Federal Tort Claims Act, which did not guarantee a right to a jury trial. The court rejected the plaintiffs' claim that they were entitled to jury trial on the employment issue because Congress had the power to

---

[23] See, *Bronsen v. Dawes County*, 272 Neb. 320, 722 N.W.2d 17 (2006); *Hatcher v. Bellevue Vol. Fire Dept.*, 262 Neb. 23, 628 N.W.2d 685 (2001).

[24] See *Lehman v. Nakshian*, 453 U.S. 156, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981).

[25] *Id.*, 453 U.S. at 160.

[26] See *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329 (6th Cir. 2009).

determine how suits could be prosecuted against entities doing the government's work.

[6-9] Similarly, the Legislature has the right to decide the terms under which it will waive its sovereign and governmental immunity for tort actions against the State or its political subdivisions.[27] The common-law doctrine of governmental immunity applies to a political subdivision's employees who are acting within the scope of their employment.[28] And because the Legislature has determined when and how it will waive the State's sovereign and governmental immunity, we will find a waiver of such immunity only where stated by express language or clear implications.[29] Because a jury trial is not one of the terms of its waiver of governmental immunity under PSTCA, a party is not entitled to a jury trial on its claim that a defendant is not a political subdivision employee.

## CONCLUSION

The Court of Appeals erred in determining the Jacobsons had waived their right to a jury trial. Nevertheless, the Jacobsons did not have a right to have a jury decide whether the defendants were employees of a political subdivision. We affirm the decision of the Court of Appeals.

AFFIRMED.

WRIGHT and CASSEL, JJ., not participating.

---

[27] See *Livengood v. Nebraska State Patrol Ret. Sys.*, 273 Neb. 247, 729 N.W.2d 55 (2007).

[28] *Brown v. City of Omaha*, 183 Neb. 430, 160 N.W.2d 805 (1968).

[29] Compare *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011).